

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION**

| | | |
|---|---|---|
| SHANE HENDERSON and | ) | |
| SOUTHERN CIVIL CONTRACTING, | ) | |
| INC., | ) | |
| | ) | CIVIL ACTION NO. |
| Plaintiffs, | ) | _____ |
| | ) | |
| v. | ) | REMOVED FROM |
| | ) | TUSCALOOSA COUNTY |
| COMMERCIAL DISPATCH | ) | CIRCUIT COURT |
| PUBLISHING CORPORATION, INC., | ) | CV-2021-900958 |
| | | |
| Defendants. | | |

<u>**NOTICE OF REMOVAL**</u>

# EXHIBIT A

ELECTRONICALLY FILED
10/27/2021 2:08 PM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

| State of Alabama<br>Unified Judicial System<br><br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case<br>63<br><br>Date of Filing:<br>10/27/2021 | Judge Code: |
|---|---|---|---|

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**SHANE HENDERSON ET AL v. COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC.**

**First Plaintiff:** ☐ Business  ☑ Individual      **First Defendant:** ☑ Business  ☐ Individual
☐ Government  ☐ Other      ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☐ TBFM - Fraud/Bad Faith/Misrepresentation
- ☑ TOXX - Other: _____

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/<br>Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/<br>Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:** F ☑ INITIAL FILING    A ☐ APPEAL FROM    O ☐ OTHER
DISTRICT COURT

R ☐ REMANDED    T ☐ TRANSFERRED FROM
OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO    **Note:** Checking "Yes" does not constitute a demand for a
jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:**    ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:**
_____SMI198_____       _____10/27/2021 2:08:49 PM_____       _____/s/ JEFFREY C. SMITH MR._____
Date       Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:**    ☐ YES ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:**    ☐ YES ☐ NO

ELECTRONICALLY FILED
10/27/2021 2:08 PM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

| | | |
|---|---|---|
| **SHANE HENDERSON and** | § | |
| **SOUTHERN CIVIL CONTRACTING, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **CASE NO. CV 2021-_____** |
| | § | |
| **vs.** | § | |
| | § | |
| **COMMERCIAL DISPATCH PUBLISHING** | § | |
| **CORPORATION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

## COMPLAINT

**COME NOW** Plaintiffs Shane Henderson and Southern Civil Contracting, Inc. (collectively, "Plaintiffs"), by and through their undersigned counsel, and hereby file their Complaint against Defendant Commercial Dispatch Publishing Company, Inc. ("Defendant"), and hereby plead as follows:

### JURISDICTION & VENUE

1.      This is an action for damages in excess of the jurisdictional limits of this Court.

2.      At all times material hereto, Plaintiff Shane Henderson ("Henderson") was a resident of the State of Alabama, residing in Tuscaloosa County, Alabama.

3.      Plaintiff Henderson is a private individual who is a private figure for the purpose of this defamation litigation.

4.      At all times material hereto, Plaintiff Southern Civil Contracting, Inc. ("Southern Civil Contracting") was an Alabama corporation with its principal place of business located in Tuscaloosa County, Alabama.

5.    Plaintiff Southern Civil Contracting is a private company that is a private figure for the purpose of this defamation litigation.

6.    Defendant Commercial Dispatch Publishing Company, Inc. is a Mississippi corporation with its principal office located at 516 Main Street, Columbus, MS, 39701.   Its registered agent is V. Virney Imes III, whose address is 516 Main Street, P.O. Box 511, Columbus, MS, 39703.

7.    Jurisdiction is appropriate in this Court pursuant to Rule 4.2(b), Ala. R. Civ P.

8.    This Court has general jurisdiction over Defendant based on its substantial operations in the State of Alabama.

9.    This Court also has specific jurisdiction over Defendant based on its connection with Alabama and the defamation that caused damages to Plaintiffs in the State of Alabama.

10.    Defendant Commercial Dispatch Publishing Company, Inc. owns and operates the newspaper The Commercial Dispatch (the "Dispatch").

11.    The Dispatch focuses on reporting news and events in eastern Mississippi and western Alabama.

12.    The Dispatch advertises itself on Instagram as covering "portions of western Alabama" in addition to portions of eastern Mississippi:



*See* https://www.instagram.com/cdispatch/?hl=en (last visited Sept. 20, 2021).

13.    The Dispatch also represents itself on its Facebook page as a "Daily newspaper and website covering Columbus, Starkville, Mississippi's Golden Triangle, and portions of western Alabama":



*See* https://www.facebook.com/TheDispatch/ (last visited Sept. 22, 2021).

14.    The Dispatch further advertises that it "provides services, such as . . . Alabama news. . . ." *See* https://www.yellowpages.com/columbus-ms/mip/commercial-dispatch-10949024 (last visited Sept. 20, 2021).

15.    The Dispatch is marketed, sold, and delivered throughout Alabama.

16.    The Dispatch is marketed to residents of Tuscaloosa County, Alabama.

17.    The Dispatch is delivered to residents of Tuscaloosa County, Alabama.

18.    The Dispatch derives income from the marketing and sale of its newspaper in Alabama generally and in Tuscaloosa County specifically.

3

19.   The Dispatch derives income from the marketing of its website in Alabama generally and in Tuscaloosa County specifically.

20.   Defendant's actions targeted Plaintiffs in their home state of Alabama.

21.   Defendant's actions caused damages to Plaintiffs in their home state of Alabama.

22.   Defendant's actions included a false comparison of Plaintiffs to another now-defunct Alabama corporation that was located in Tuscaloosa, Alabama.

23.   Defendant's actions included a false comparison of an accident involving Plaintiffs' employees with an accident that occurred in 2006 in Tuscaloosa, Alabama.

24.   It was reasonably foreseeable that Defendant would be haled into court in Alabama.

25.   Jurisdiction and venue are proper in this Court.

## GENERAL ALLEGATIONS

### Publication of Defamatory Accusations in the Article

26.   On May 24, 2020, Defendant published in its newspaper, the Dispatch, an article written by Tess Vrbin ("Vrbin"), titled "Employer of two workers who died at job site linked to 27 previous OSHA violations" (the "Article"). A true and correct copy of a portion of the Article as printed in the newspaper is attached hereto as Exhibit A.

27.   The Article also was published electronically on May 24, 2020, on the Dispatch's website, www.cdispatch.com. A true and correct copy of the Article as published on the Dispatch's website is attached hereto as Exhibit B.

28.   In addition to publication of the Article in print and on its website, the Dispatch published the Article through a link in a tweet publicly available on its Twitter page, *see* https://twitter.com/CDispatch/status/1264602573106888705.

4

29.     The Dispatch also published the Article through a link in a post on its Facebook

page, *see* https://www.facebook.com/TheDispatch/posts/10163694322060068.

30.     The author of the Article, Vrbin, was a staff reporter for the Dispatch who was hired

in August 2019. *See, e.g.*, Exhibit B at graphic ("Tess Vrbin/Dispatch Staff");

https://cdispatch.com/news/2019-08-24/vrbin-joins-dispatch-as-starkville-bureau-reporter/

("Tess Vrbin has joined The Dispatch staff as its Starkville bureau reporter.") (last visited Sept.

20, 2021).

31.     At the time she was hired by the Dispatch in August 2019, Vrbin was a 22-year-old

who had graduated from college three months earlier. *See id.*

32.     Vrbin wrote the Article in her capacity as a staff reporter for Defendant.

33.     The Article purported to report on a tragic accident that occurred on May 19, 2020,

at a construction site that resulted in the death of two employees of Plaintiff Southern Civil

Contracting (the "2020 Accident").

34.     In fact, however, the Article was a hit piece intended to assign blame for the 2020

Accident on Plaintiffs.

35.     In the Article, Defendant contends that there is a link between Occupational Safety

and Health Administration ("OSHA") violations issued to an entirely separate company, Gilco

Contracting, Inc. ("Gilco"), and Plaintiffs.

36.     In the Article, Defendant compares the 2020 Accident to an accident that occurred

at a Gilco construction site on or about April 23, 2006, in which a Gilco employee was severely

injured (the "Gilco Accident").

37.     Gilco was founded in 2000 by Jeff Gilbert ("Gilbert"), who was the president of

the company until he sold it in 2007.

38.     Following the sale of Gilco in 2007, one of the purchasers, Rodney Camp, became president of the company and remained in that position until Gilco went out of business in 2013.

39.     Plaintiff Henderson never had any ownership interest in Gilco, and Plaintiff Southern Civil Contracting has no connection with Gilco.

40.     The Article – as published in print, electronically on the Dispatch's website, through the link in the Dispatch's Twitter post, and through the link in the Dispatch's Facebook post – contains the following gists and statements about Plaintiffs that are false and defamatory (collectively, the "False Accusations"):

    a.  The gist of the entire Article that OSHA violations issued to Gilco are attributable and/or related to Plaintiffs

    b.  The gist of the entire Article that the Accident was likely related to and/or caused by safety violations by Plaintiffs

    c.  The gist of the entire Article that OSHA violations by Gilco make it more likely that Plaintiffs committed safety violations that contributed to the Accident

    d.  The gist of the entire Article that the Gilco Accident, and the subsequent OSHA violations issued to Gilco in connection with that accident, have any connection or relationship to Plaintiffs and/or the 2020 Accident

    e.  The headline "Employer of two workers who died at job site linked to 27 previous OSHA violations"

    f.  The graphic immediately under the headline titled "Gilco Contracting's OSHA violations, 2005-2008," which in its entirety conveys that Plaintiffs have a connection with Gilco Contracting's OSHA violations and that Gilco's OSHA violations are relevant to the 2020 Accident

    g.  The text in the graphic "The now-defunct Tuscaloosa construction company Gilco Contracting accumulated a variety of federal citations for safety violations at work sites. 22 of the 27 listed below received OSHA's highest assessment of potential danger. Gilco's former president, Shane Henderson, now runs Southern Civil Contracting in Tuscaloosa. Two Southern Civil employees died in a construction accident on May 19, under conditions similar to those in a 2006 accident that left a worker without an arm and accrued five OSHA citations, including two for repeated violations."

6

h. The chart in the graphic categorizing 27 purported violations into categories for nature and severity, which includes citations issued to Gilco as well as those issued to Southern Civil Contracting and conveys the false gist that the citations are interchangeable and are related to Plaintiffs and/or the 2020 Accident

i. "But safety risks tied to the head of Southern Civil Contracting, the construction company working at the multi-home development where the accident occurred, are much less rare. A long list of citations for safety violations from the U.S. Department of Labor's Occupational Safety and Health Administration are linked to Shane Henderson, president and owner of the Tuscaloosa-based company.

Henderson was previously president of Gilco Contracting, also based in Tuscaloosa. Gilco accrued 27 OSHA citations from inspections of trenches at construction sites between 2005 and 2008, according to inspection records OSHA sent The Dispatch on Friday."

j. "A similar accident in the Tuscaloosa area in April 2006 pinned a Gilco employee underneath some equipment in an 18-foot trench after a soil collapse, and the employee's crushed arm was later amputated, according to the Birmingham Business Journal. Gilco received five OSHA citations for the accident: three for failing to meet specific excavation requirements, one for a safety training and education violation and one for failing to meet protective system requirements.

The safety training citation was later dropped, and two of the other violations were reclassified from 'willful' to 'repeat.' Willful violations are 'where an employer has demonstrated either an intentional disregard for the requirements of the act or a plain indifference to employee safety and health,' according to OSHA's Field Operations Manual.

Employers are cited for repeated violations if they have been cited in the past for 'the same or a substantially similar condition or hazard.' Gilco went out of business in 2013, but OSHA still considers an employer's past when issuing citations.

Gilco had more violations labeled serious than any other type, and the manual defines serious as 'a substantial probability that death or serious physical harm could result.' Gilco had 12 serious and nine repeated violations."

k. The heading: "**'The most serious violative conditions'**"

l. "Failure to meet specific excavation requirements and protective system requirements made up the vast majority of Gilco's violations, 17 out of 27.

The violations did not specifically state which requirements were not met, but specific excavation requirements include the prohibition of 'exposure to falling loads,' and protective systems during excavations must be able to withstand 'all

7

loads that are intended or could reasonably be expected to be applied or transmitted to the system,' according to OSHA regulations.

All 17 violations were assigned a gravity of 10, the highest designation from OSHA based on both the severity and probability of potential illness or injury if an accident were to occur, according to the Field Operations Manual. Factors that determine probability include the number of employees exposed to hazardous conditions, the 'frequency and duration of exposure,' the employees' ages and proximity to the danger.

OSHA only assigns a designation of 10 to 'the most serious violative conditions, such as those situations involving danger of death or extremely serious injury or illness,' according to the manual. Five more of Gilco's citations were designated 10, including two rigging equipment violations and one 'general duty' violation, meaning there was no specific standard that applied to the hazard.

Gilco was initially fined a total of $530,500 for the 27 citations, but OSHA reduced the fines to a total of $258,735, less than half, after the company contested the citations."

m. "The inspection reports for both companies indicate they corrected the violations within the period assigned by OSHA, which imposes additional fines if the correction deadline is not met."

41.     In the Article, Defendant falsely conflated two completely separate construction companies – Gilco and Plaintiff Southern Civil Contracting.  In doing so, Defendant falsely conveyed to its readers that OSHA citations received by Gilco during 2005 to 2008 were relevant to the tragic 2020 Accident that resulted in the deaths of two employees of Southern Civil Contracting.

42.     Defendant falsely published that one or both of Plaintiffs are "linked" to OSHA violations issued to Gilco between 2005 and 2008.

43.     Defendant falsely published that Plaintiff Henderson is "tied to" "safety risks."

44.     Defendant falsely published that Plaintiff Henderson is "linked to" "[a] long list of citations for safety violations from the U.S. Department of Labor's Occupational Safety and Health Administration."

8

45.     In fact, aside from the fact that Plaintiff Henderson was previously employed by Gilco and served as its interim president for a brief period of time, Defendant had no evidence supporting its allegations that Henderson was "tied to" safety risks or "linked to" a long list of OSHA citations.

46.     Defendant relied on a lengthy and detailed description of Gilco's various OSHA citations to convey the false and defamatory gist in the Article that, as purportedly was the case with the Gilco Accident, which Defendant alleged was a "similar accident," the likely cause of the 2020 Accident was safety violations by the employer – in this case Plaintiffs.

47.     The entire focus of the Article is OSHA violations imposed on Gilco – a company that went out of business in 2013 – despite the fact that no OSHA violations had been issued against either Plaintiff in connection with the 2020 Accident.

48.     Indeed, if Defendant had not been making a comparison between the Gilco Accident and the 2020 Accident, there would have been no purpose whatsoever in discussing OSHA violations imposed 15 years earlier on a different, now-defunct company.

49.     Defendant's comparison of the tragic 2020 Accident with the Gilco Accident from 2006 that resulted in OSHA citations issued to Gilco is a comparison with no basis in reality and is made up out of whole cloth by Defendant.

50.     Defendant cannot cite to any other person or entity who has alleged that there is any connection, correlation, or similarity between the 2020 Accident and the 2006 Gilco Accident.

## Demand for Retraction

51.     Counsel for Plaintiffs made numerous requests that Defendant take down the False Accusations and issue a retraction.

52.     Within three (3) days after publication of the Article, on May 27, 2020, counsel for Plaintiffs provided detailed information to Defendant establishing that many of the statements and assumptions in the Article were false.  A true and correct copy of this correspondence is attached hereto as Exhibit C.

53.     On July 13, 2020, counsel for Plaintiffs again requested that Defendant take down the Article and provide a retraction and apology to Plaintiffs.  A true and correct copy of this correspondence is attached hereto as Exhibit D.

54.     Counsel for Plaintiffs provided information to Defendant of the following facts establishing that the False Accusations were false and defamatory:

    a.  Plaintiff Henderson was not president of Gilco when any accidents or infractions described in the Article occurred.

    b.  Plaintiff Henderson served as interim president of Gilco only for a period of a few months during an ownership transition; his service in this role was so brief that he was never even reported as president on filings with the Secretary of State.

    c.  Plaintiff Henderson's role at Gilco was always related primarily to sales rather than to field operations or management.

    d.  Plaintiff Henderson did not supervise any projects or safety and training programs for Gilco that resulted in any OSHA citations, including those referenced in the Article.

    e.  OSHA violations incurred by Gilco have absolutely no bearing on actions taken by Plaintiff Southern Civil Contracting, which is a separate and unrelated entity.

55.     The truth is that there is no ownership connection between Gilco and Plaintiff Southern Civil Contracting.

10

56.     The truth is that no OSHA citation has ever been issued to Plaintiff Henderson.

57.     The truth is that Plaintiff Henderson had no connection with the 2006 Gilco Accident described in the Article.

58.     The truth is that Plaintiff Henderson served only as interim president of Gilco for a brief time in 2007 between an ownership change at that company.

59.     The truth is that Plaintiff Henderson's role at Gilco focused on sales and project coordination and invoicing.

60.     The truth is that Plaintiff Henderson's role at Gilco did not involve safety or compliance.

61.     The truth is that for the purpose of issuing citations to Plaintiffs, OSHA does not consider citations issued to Gilco as part of the "employer's past" for either of the Plaintiffs.

62.     The only source for Defendant's accusation that Plaintiffs are "linked to" Gilco is a 12-paragraph long piece published by the Birmingham Business Journal in November 2006, available at   https://www.bizjournals.com/birmingham/stories/2006/11/06/story10.html   (last visited Sept. 22, 2021) (the "2006 BBJ Article").

63.     The 2006 BBJ Article describes the Gilco Accident that occurred over six months earlier, on April 23, 2006.

64.     The 2006 BBJ Article included one sentence that mentioned Plaintiff Henderson: "Gilco President Shane Henderson said, 'It's our opinion that this is a very unfortunate situation, and while we're sorry this accident did occur, it remains an ongoing matter, and I have no comment.'"

65.     The truth, however, is that Jeff Gilbert was the president of Gilco until June 2007.

66.    The truth is that, except for the fact that both accidents took place during construction involving trenches, the 2020 Accident did not take place "under conditions similar to those in a 2006 accident" at a Gilco construction site, and Defendant had no source who said that there was any similarity.

**Publication of Defamatory Accusations in the Modified Article**

67.    On or about July 30, 2020, Defendant published a modified version of the Article which deleted the number "27" from the headline, deleted the graphic, deleted certain paragraphs, and added certain other paragraphs, *see* https://cdispatch.com/news/2020-05-24/employer-of-two-workers-who-died-at-job-site-linked-to-previous-osha-violations/ (the "Modified Article").   A true and correct copy of the Modified Article is attached hereto as Exhibit E.

68.    There is no recognition by Defendant that the Modified Article has been corrected or even modified – the byline continues to provide a date of "May 24, 2020" with no notice of an update and no explanation of any "clarification" or "correction," much less any "retraction."  *See* Exhibit E.

69.    The only change to the byline of the Modified Article is the recognition following the Modified Article that "Tess Vrbin was previously a reporter for The Dispatch."  *See* Exhibit E.

70.    The Modified Article – as published electronically on the Dispatch's website through the link in the Dispatch's post on Twitter and through the link in the Dispatch's post on Facebook – contains the following gists and statements about Plaintiffs that are false and defamatory (collectively, the "Modified False Accusations"):

   a.   The gist of the entire Article that OSHA violations issued to Gilco are attributable and/or related to Plaintiffs

   b.   The gist of the entire Article that the Accident was likely related to and/or caused by safety violations by Plaintiffs

    c.   The gist of the entire Article that OSHA violations by Gilco make it more likely that Plaintiffs committed safety violations that contributed to the Accident

    d.   The gist of the entire Article that the Gilco Accident, and the subsequent OSHA violations issued to Gilco in connection with that accident, have any connection or relationship to Plaintiffs and/or the 2020 Accident

    e.   The headline "Employer of two workers who died at job site linked to previous OSHA violations"

    f.   "A similar accident in the Tuscaloosa area in April 2006 pinned a Gilco Contracting employee underneath some equipment in an 18-foot trench after a soil collapse, and the employee's crushed arm was later amputated, according to the Birmingham Business Journal. Gilco received five OSHA citations for the accident: three for failing to meet specific excavation requirements, one for a safety training and education violation and one for failing to meet protective system requirements."

    g.   "Gilco accrued 27 OSHA citations from inspections of trenches at construction sites between 2005 and 2008, according to inspection records OSHA sent The Dispatch on Friday."

    h.   "The inspection reports for both companies indicate they corrected the violations within the period assigned by OSHA, which imposes additional fines if the correction deadline is not met."

71.    Defendant admits in the Modified Article that "[w]hile Henderson briefly served as interim president of Gilco, his role was primarily related to sales and he did not serve in any leadership role during those OSHA violations. . . ."  *See* Exhibit E.

72.    The Modified Article, however, continues to publish that one or both of Plaintiffs are "linked to previous OSHA violations."

73.    The Modified Article additionally continues to convey that the 2006 Gilco Accident is similar to the 2020 Accident.

74.    The Modified Article additionally continues to convey that the fact that Gilco received OSHA citations following the 2006 Gilco Accident makes it more likely that the 2020 Accident was caused by safety failures by Plaintiffs.

75.     Despite the fact that Defendant made substantive changes to the Article by publishing the Modified Article, at no point did Defendant publish a retraction or provide any notice to its readers that any portion of the initial Article was incorrect.

76.     Upon information and belief, Defendant did not publish any retraction in print or any indication in a subsequent print addition of its newspaper that the Article was incorrect or was being modified in any way.

77.     Indeed, Defendant continues to publish certain of the false and defamatory accusations through the links to the Article (now the Modified Article) that remain published on the Dispatch's Twitter and Facebook pages.

78.     As of the date of filing this Complaint, the Dispatch's Twitter account continues to publish the false and defamatory headline from the original Article:



https://twitter.com/CDispatch/status/1264602573106888705 (last visited Sept. 20, 2021).

79.     As of the date of filing this Complaint, the Dispatch's Facebook page continues to publish false statements, including the misleading graphic, from the original Article:



https://www.facebook.com/TheDispatch/posts/10163694322060068 (last visited Sept. 20, 2021).

80.     On November 13, 2020, counsel for Plaintiffs advised Defendant that the Modified Article contains some of the same false and defamatory accusations from the initial Article – including the overall defamatory gists – and that original False Accusations from the Article were still available on the Dispatch's Twitter and Facebook pages.  A true and correct copy of this correspondence is attached hereto as Exhibit F.

81.     Plaintiffs demanded that Defendant take down the Modified Article and issue a retraction for the False Accusations and the Modified False Accusations.

82.     Defendant failed and refused to retract or take down the Modified False Accusations or the False Accusations still available on the Dispatch's Twitter and Facebook pages (the "Current False Accusations").

**Retractions by Other News Organizations**

83.     The Dispatch is a member newspaper of The Associated Press newsgathering cooperative.

84.     The Article was republished by The Associated Press and subsequently republished by many news organizations around the country, including U.S. News & World Report, the Miami Herald, The Washington Times, The Tuscaloosa News, and local affiliates of ABC, NBCUniversal, and Fox, among others.

85.     Every one of these stories was based ultimately on the Article published by Defendant and repeated the False Accusations published by Defendant.

86.     Other reputable news organizations, however, recognized the error in their reporting and retracted their own stories based on the Article once these errors were brought to their attention.

87.     On or about August 31, 2020, The Associated Press retracted and removed its article about Plaintiffs, acknowledging its regrets for the errors in Defendant's reporting:

According to an attorney for Henderson, he was not in a leadership position at Gilco at the time of the violations cited by the Occupational Safety and Health Administration, was not involved in any of the projects cited by OSHA and was not involved with OSHA's investigations.

The original AP story was based in part on a newspaper account that misstated Henderson's position at the company and that has since been corrected.

The Associated Press has withdrawn the story and regrets the errors. No replacement story is planned.

Copyright 2020 The Associated Press. All rights reserved. This material may not be published, broadcast, rewritten or redistributed.

(the "AP Retraction"). *See, e.g.,* https://www.usnews.com/news/best-states/mississippi/articles/2020-05-26/company-owner-of-2-killed-workers-had-been-cited-27-times (last visited Sept. 20, 2021).

88.     Upon information and belief, the Dispatch, as a member of The Associated Press cooperative, received notice of the AP Retraction at or around the time it was published.

89.     Virtually all of The Associated Press members who had republished the False Accusations from the Article published the AP Retraction (or some form of it) and took down the articles containing the False Accusations.

90.     The glaring exception is Defendant, who continues to publish the Current False Accusations.

91.     Despite the recognition by The Associated Press and other reputable news organizations that Defendant had published false statements about Plaintiffs, Defendant has refused to admit that the initial Article contained false statements of fact.

92.     Despite the recognition by The Associated Press and other reputable news organizations that Defendant had published false statements about Plaintiffs, Defendant continues to this day to publish the Current False Accusations about Plaintiffs.

93.     Additionally, despite the take down of the republished False Accusations by The Associated Press and other news organizations, those False Accusations nevertheless continue to show up in Google searches from cached results containing the false and defamatory headline from the Article.

## COUNT ONE – DEFAMATION FOR THE ARTICLE

94.     Plaintiffs reallege all of the foregoing paragraphs as if set forth fully herein.

95.     Vrbin wrote the Article in the scope of her duties as a staff reporter for the Dispatch.

96.     The False Accusations were published by Defendant on May 24, 2000, in the Article.

97.     The False Accusations in the Article were published at least in the Dispatch's print newspaper, electronically on the Dispatch's website, through a link in a post on the Dispatch's Twitter page, and through a link in a post on the Dispatch's Facebook page.

98.     The False Accusations are of and concerning Plaintiffs.

99.     The False Accusations were published by Defendant to third parties without privilege.

100.    The False Accusations are false statements of fact about Plaintiffs.

101.    The False Accusations are defamatory.

102.    At the very least, Defendant was negligent in publishing the False Accusations.

103.    The False Accusations were published with knowledge that they were false or with reckless disregard of whether they were false or not.

104.    Defendant published the False Accusations with actual malice, including by making up out of whole cloth a false connection between OSHA citations issued to Gilco and Plaintiffs.

105.    Defendant published the False Accusations with actual malice, including by making up out of whole cloth a false comparison between conditions existing at the time of the Gilco Accident in 2006 and the 2020 Accident that occurred at a Southern Civil Contracting construction site.

106.    Defendant conceived a story line in advance of an investigation and then consciously set out to make the Article conform to the preconceived False Accusations.

107.    Defendant cited no source for the comparison in the Article between the 2020 Accident and the 2006 Gilco Accident.

108.    Defendant cited no source to support the false accusation in the Article that Plaintiffs are "linked to" safety violations through OSHA citations issued to Gilco.

109.    Defendant failed to interview either Plaintiffs or any of the former owners of Gilco prior to Defendant's publication of the Article.

110.    Defendant failed to seek comment from either Plaintiffs or any of the former owners of Gilco prior to Defendant's publication of the Article.

111.    Publicly available information demonstrated that certain of the False Accusations – such as the allegation that Plaintiff Henderson had been President of Gilco during the time citations were issued by OSHA – were false.

112.    Defendants purposefully avoided the truth that contradicted the False Accusations, including by failing to consult known sources—e.g., Plaintiffs—and publicly available sources— e.g., public filings with the Secretary of State demonstrating that Plaintiff Henderson was not Gilco's president when the alleged accidents or OSHA violations occurred.

113.    Defendant used its false comparison between the 2020 Accident and the Gilco Accident to convey to its readers that Plaintiffs were at fault in the 2020 tragedy – despite no evidence whatsoever to support that claim.

114.    More than five days prior to filing this lawsuit, Plaintiffs made written demand upon Defendant for public retraction of the False Accusations, but Defendant failed and refused to publish any retraction whatsoever.

115.    Specifically, Defendant failed to publish a "full and fair retraction" in "as prominent a place or manner as the charge or matter published occupied."

116.    The False Accusations were republished by many nationally recognized news organizations, including The Associated Press, U.S. News & World Report, the Miami Herald, The Washington Times, The Tuscaloosa News, and local affiliates of ABC, NBCUniversal, and Fox, among others.

117.    Because the Dispatch is a member newspaper of The Associated Press cooperative, Defendant could reasonably expect that the False Accusations would be republished by The Associated Press and other member organizations, as well as Associated Press wire subscribers.

118.    The republication of the False Accusations by The Associated Press and others was a natural and probable consequence of Defendant's publication of the False Accusations in the Article.

119.    The False Accusations in the Article constitute libel per se, and damages to Plaintiffs' reputations are presumed.

120.    Additionally, Plaintiffs have suffered actual damages in the form of lost business as a result of the False Accusations about them published by Defendants.

121.    Plaintiff Henderson also has suffered mental anguish as a result of Defendant's False Accusations against him asserting to the world that he played a role in causing the deaths of two young men who were employed at his small company.

122.    Plaintiffs have been forced to defend themselves against the False Accusations in the Article on numerous occasions.

123.    Immediately following the publication of the Article, and continuing through the filing of this lawsuit, Plaintiffs have been subjected to hate, opprobrium, and censure as a result of the False Accusations, and Plaintiff Henderson has suffered mental anguish.

124.    Immediately following the publication of the Article, and continuing through the filing of this lawsuit, Plaintiff Henderson's family members have been subjected to hate, opprobrium, and censure as a result of the False Accusations, which has caused Plaintiff Henderson further mental anguish.

125.    Plaintiffs are entitled to compensatory damages for Defendant's False Accusations about them published in the Article.

126.    Plaintiffs are also entitled to punitive damages for Defendant's false and defamatory statements published about them in the Article, which statements were made with actual malice.

127.    Despite being provided information demonstrating the true facts, Defendant failed and refused to retract the False Accusations, some of which continue to this day to be published online by Defendant.

128.    In addition to the other evidence establishing Defendant's actual malice, Defendant's continued publication of the Current False Accusations provides clear and clear convincing evidence of Defendant's malice, wantonness, and oppression.

## COUNT TWO – DEFAMATION FOR THE MODIFIED ARTICLE

129.     Plaintiffs reallege all of the foregoing paragraphs as if set forth fully herein.

130.     The Modified False Accusations were published by Defendant on or about July 30, 2000, in the Modified Article.

131.     The Modified False Accusations were published in the Modified Article at least electronically on the Dispatch's website, through a link in a post on the Dispatch's Twitter page and through a link in a post on the Dispatch's Facebook page.

132.     The Modified False Accusations are of and concerning Plaintiffs.

133.     The Modified False Accusations were published by Defendant to third parties without privilege.

134.     The Modified False Accusations are false statements of fact about Plaintiffs.

135.     The Modified False Accusations are defamatory.

136.     At the very least, Defendant was negligent in publishing the Modified False Accusations.

137.     The Modified False Accusations were published with knowledge that they were false or with reckless disregard of whether they were false or not.

138.     Defendant published the Modified False Accusations with actual malice, including by republishing its previously made-up false connection between OSHA citations issued to Gilco and Plaintiffs.

139.     Defendant published the Modified False Accusations with actual malice, including by republishing its previously made-up out of whole cloth false comparison between "conditions" existing at the time of the Gilco Accident in 2006 and the 2020 Accident that occurred at a Southern Civil Contracting construction site.

140.    Defendant cited no additional sources in the Modified Article to support any of the Modified False Accusations.

141.    At the time Defendant published the Modified Article, Defendant was on notice that all of the Modified False Accusations were in fact false statements of fact.

142.    Defendant conceived a story line in advance of an investigation and then consciously set out to make the Modified Article conform to the preconceived Modified False Accusations.

143.    Although Defendant admitted in the Modified Article that Plaintiff Henderson was not the president of Gilco at the time it was issued OSHA citations, Defendant nevertheless published the Modified False Accusations that Plaintiff Henderson was "linked to" the OSHA violations issued to Gilco.

144.    At least five days prior to filing this lawsuit, Plaintiffs made written demand upon Defendant for public retraction of the Modified False Accusations, but Defendant failed and refused to publish any retraction whatsoever.

145.    Specifically, Defendant failed to publish a "full and fair retraction" in "as prominent a place or manner as the charge or matter published occupied."

146.    Although Defendant published the Modified Article on or about July 30, 2020, it did not provide any notice to its readers that the Article was modified, corrected, or clarified in any way.

147.    Defendant's failure to identify the changes made to the Article when it published the Modified Article violates ethical guidelines in the publishing industry generally and those of The Associated Press specifically. *See, e.g.,* The Associated Press Statement of News Values and Principles, *avail. at* https://www.ap.org/about/news-values-and-principles/ ("When we're wrong,

we must say so as soon as possible.  *When we make a correction, we point it out . . . in ways that news consumers can see it (bottom-of-story corrections, correction notes on graphics, photo captions, etc.).  A correction must always be labeled a correction.")* (emphasis in original).

148.    Defendant's failure to disclose the changes to the Article to its readers despite its obvious recognition that it needed to correct certain statements in the Article constitutes evidence of Defendant's actual malice.

149.    The Modified False Accusations in the Modified Article constitute libel per se, and damages to Plaintiffs' reputations are presumed.

150.    Additionally, Plaintiffs have suffered actual damages in the form of lost business as a result of the Modified False Accusations about them published by Defendants.

151.    Plaintiff Henderson also has suffered mental anguish as a result of Defendant's Modified False Accusations against him asserting to the world that he played a role in causing the deaths of two young men who were employed at his small company.

152.    Plaintiffs have been forced to defend themselves against the Modified False Accusations in the Modified Article on numerous occasions.

153.    Following the publication of the Modified Article, and continuing through the filing of this lawsuit, Plaintiffs have been subjected to hate, opprobrium, and censure as a result of the Modified False Accusations, and Plaintiff Henderson has suffered mental anguish.

154.    Following the publication of the Modified Article, and continuing through the filing of this lawsuit, Plaintiff Henderson's family members have been subjected to hate, opprobrium, and censure as a result of the Modified False Accusations, which has caused Plaintiff Henderson further mental anguish.

155.    Plaintiffs are entitled to compensatory damages for Defendant's Modified False Accusations about them published in the Modified Article.

156.    Plaintiffs are also entitled to punitive damages for Defendant's false and defamatory statements published about them in the Modified Article, which statements were made with actual malice.

157.    Despite being provided information demonstrating the true facts, Defendant failed and refused to retract the Modified False Accusations, all of which continue to this day to be published online by Defendant in the Modified Article.

158.    In addition to the other evidence establishing Defendant's actual malice, Defendant's continued publication of the Modified False Accusations provides clear and clear convincing evidence of Defendant's malice, wantonness, and oppression.


WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs demand judgment against Defendant Commercial Dispatch Publishing Corporation, Inc. for:

A.    All damages to which Plaintiffs are entitled, including compensatory and punitive damages;

B.    Equitable relief, including the removal of the Modified Article;

C.    Court costs; and

D.    Any such other and further relief that this Court deems just and reasonable.


*/s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)
Attorney for Plaintiffs

OF COUNSEL
Watson & Smith, LLC
1651 McFarland Blvd. N.

Tuscaloosa, AL  35406
Phone 205/345-1577
Fax 205/345-1583
jsmith@wplawllc.com


Nicole Jennings Wade
*Pro hac vice* application submitted
Jonathan D. Grunberg
*Pro hac vice* application submitted
G. Taylor Wilson
*Pro hac vice* application submitted

Wade, Grunberg & Wilson, LLC
600 Peachtree St., Suite 3900
Atlanta, GA 30308
Phone 404/600.1153
Fax 404/969.4333
nwade@wgwlawfirm.com
jgrunberg&wgwlawfirm.com
twilson@wgwlawfirm.com


## JURY DEMAND

Plaintiffs demand trial by a struck jury on all issues allowable by law in this case.


*/s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)


**Defendant's Address:**

**Commercial Dispatch Publishing Corporation, Inc.**
516 Main Street
Columbus, MS 39701

ELECTRONICALLY FILED
10/27/2021 2:08 PM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

E

X

H

I

B

I

T


A

# Employer of two workers who died at job site linked to 27 previous OSHA violations

**BY TESS VRBIN**
*tvrbin@cdispatch.com*

Trench collapses at construction sites are rare, Starkville Fire Chief Charles Yarbrough told reporters after a collapse killed two workers at a housing development on Tuesday.

But safety risks tied to the head of Southern Civil Contracting, the construction company working at the multi-home development where the accident occurred, are much less rare. A long list of citations for

*See OSHA, 3A*

EXHIBIT

B

Employer of two workers who died at job site linked to 27 previous OSHA article.asp?aid=81373

Contact Us    Submit a News Tip    Login    **Subscribe**



# THE DISPATCH
Columbus and Starkville, Mississippi

☀️ **86°** Partly Cloudy

Follow Us:

| NEWS | SPORTS | OPINION | OBITS | LIFESTYLES | GALLERIES | CLASSIFIEDS | ABOUT |

Columbus & Lowndes County    Starkville & Oktibbeha County    Area    State    National    Mug Shots    Suggest a Story

Quick Links: **eEdition**

advanced search

👍 Like 116    **Tweet**    **Share**    6

## Employer of two workers who died at job site linked to 27 previous OSHA violations



### Gilco Contracting's OSHA violations, 2005-2008

The now-defunct Tuscaloosa construction company Gilco Contracting accumulated a variety of federal citations for safety violations at work sites. 22 of the 27 listed below received OSHA's highest assessment of potential danger. Gilco's former president, Shane Henderson, now runs Southern Civil Contracting in Tuscaloosa. Two Southern Civil employees died in a construction accident on May 19, under conditions similar to those in a 2006 accident that left a worker without an arm and accrued five OSHA citations, including two for repeated violations. Southern Civil has three previous citations to its name.

| Classification | Specific excavation requirements | Protective system requirements | Safety training and education | Equipment (rigging, ladders, radiation) | General (no specific standard applies) | Unknown | Total |
|---|---|---|---|---|---|---|---|
| Serious | 4 | 2 | 1 | 4 | 1 | | 12 |
| Willful | 2 | | 1 | | | | 3 |
| Repeat | 4 | 5 | | | | | 9 |
| Other | | | | | | 3 | 3 |
| Total | 10 | 7 | 2 | 4 | 1 | 3 | 27 |

Source: Inspection reports from the U.S. Department of Labor's Occupational Safety and Health Administration
Tess Vrbin/Dispatch Staff

Tess Vrbin
May 24, 2020 9:46:33 AM

Trench collapses at construction sites are rare, Starkville Fire Chief Charles Yarbrough told reporters after a collapse killed two workers at a housing development on Tuesday.

But safety risks tied to the head of Southern Civil Contracting, the construction company working at the multi-home development where the accident occurred, are much less rare. A long list of citations for safety violations from the U.S. Department of Labor's Occupational Safety and Health Administration are linked to Shane Henderson, president and owner of the Tuscaloosa-based company.

Henderson was previously president of Gilco Contracting, also based in Tuscaloosa. Gilco accrued 27 OSHA citations from inspections of trenches at construction sites between 2005 and 2008, according to inspection records OSHA sent The Dispatch on Friday. Southern Civil had three similar citations in 2010, its first year of existence. In the past 10 years, however, OSHA has not cited the company.

## Most Viewed News Stories

1. **Suspect charged with murder in fatal weekend shooting** COLUMBUS & LOWNDES COUNTY

2. **Lowndes supes to vote on mask mandate Monday** COLUMBUS & LOWNDES COUNTY

3. **Employees flock back to local restaurants after closures, though some say they had no choice** AREA

4. **COVID causes delays at North Star: officials still optimistic about site** STARKVILLE & OKTIBBEHA COUNTY

5. **White House turns on Fauci as Trump minimizes virus spike** NATIONAL

More popular content    Suggest a story

Baucom Building Maintenance



When Something Viral's in your Neighborhood,
Who You Going to Call?
Now offering Electrostatic Spraying For COVID



Landscape Design
Installation
Irrigation
Maintenance
Pruning
Plant Removal
Mulch

Smith Landscaping
Custom Landscaping & Design

662-570-4976
Family Owned & Operated for Over 30 Years

Zachary Wayne Osbourn, 36, and William Kizzire, 19, both of Fayette County, Alabama, were killed Tuesday when a trench collapsed on them while they were laying pipe at the construction site on South Montgomery Street, just south of the Maison de Ville subdivision. Andy Fornea, owner of A.S. Fornea Construction out of Oxford, is the site's developer.

First responders arrived to find Osbourn dead, and they spent two and a half hours rescuing Kizzire from the rubble.

Kizzire died en route to the North Mississippi Medical Center in Tupelo via helicopter.

A similar accident in the Tuscaloosa area in April 2006 pinned a Gilco employee underneath some equipment in an 18-foot trench after a soil collapse, and the employee's crushed arm was later amputated, according to the Birmingham Business Journal. Gilco received five OSHA citations for the accident: three for failing to meet specific excavation requirements, one for a safety training and education violation and one for failing to meet protective system requirements.

The safety training citation was later dropped, and two of the other violations were reclassified from "willful" to "repeat." Willful violations are "where an employer has demonstrated either an intentional disregard for the requirements of the act or a plain indifference to employee safety and health," according to OSHA's Field Operations Manual.

Employers are cited for repeated violations if they have been cited in the past for "the same or a substantially similar condition or hazard." Gilco went out of business in 2013, but OSHA still considers an employer's past when issuing citations.

Gilco had more violations labeled serious than any other type, and the manual defines serious as "a substantial probability that death or serious physical harm could result." Gilco had 12 serious and nine repeated violations.

Tuesday's accident is still under investigation, so OSHA declined to comment on it. Henderson could not be reached for comment after multiple calls and voice messages from The Dispatch to the Southern Civil office.

'The most serious violative conditions'

Failure to meet specific excavation requirements and protective system requirements made up the vast majority of Gilco's violations, 17 out of 27.

The violations did not specifically state which requirements were not met, but specific excavation requirements include the prohibition of "exposure to falling loads," and protective systems during excavations must be able to withstand "all loads that are intended or could reasonably be expected to be applied or transmitted to the system," according to OSHA regulations.

All 17 violations were assigned a gravity of 10, the highest designation from OSHA based on both the severity and probability of potential illness or injury if an accident were to occur, according to the Field Operations Manual. Factors that determine probability include the number of employees exposed to hazardous conditions, the "frequency and duration of exposure," the employees' ages and proximity to the danger.

OSHA only assigns a designation of 10 to "the most serious violative conditions, such as those situations involving danger of death or extremely serious injury or illness," according to the manual. Five more of Gilco's citations were designated 10, including two rigging equipment violations and one "general duty" violation, meaning there was no specific standard that applied to the hazard.

Gilco was initially fined a total of $530,500 for the 27 citations, but OSHA reduced the fines to a total of $258,735, less than half, after the company contested the citations.

Southern Civil had two serious citations for specific excavation requirements and one for protective system requirements in 2010. One of the excavation requirements violations had a gravity designation of 5, or moderate severity and probability of an accident, but the other two violations were designated 10.

Southern Civil's fine was reduced from $1,050 to $788 after contesting the citations.

The inspection reports for both companies indicate they corrected the violations within the period assigned by OSHA, which imposes additional fines if the correction deadline is not met.

printer friendly version | back to top

**Get a roundup of top stories, recipes and more in your inbox weekly (we never share your email)**


The Commercial Disp…
14,700 likes


Like Page | Share

Be the first of your friends to like this

DOCUMENT 3

Employer of two work... Case 7:21-cv-01570-LMC-527 Document 1-1 Filed 11/29/21 ...w.cdispatch.com/n...article.asp?aid=81373 Page 34 of 133

**Email Address**

Subscribe

**OTHER STORIES OF INTEREST**

**Mortgage Rates Fall Again**

Ad  Quicken Loans

**Arrest report for 6-26-20**

cdispatch.com

**#1 Tip For Hair Thinning**

Ad  Hair La Vie

**'I think he should... anothe...**

cdispatch.co

**Say GoodBye To Rodents**

Ad  antipestrepeller.com

**Lowndes County supervisors…**

cdispatch.com

**Sanders steps down as…**

cdispatch.com

**Fisher replaci...**

cdispatch.co

**UPCOMING AREA EVENTS**

Events (0)                                                    No event occurrences found

All Events                    Filter by date                    Reset

◄ ►

**INSIGHT MAGAZINE**                    **READ OUR SPECIAL SECTIONS ONLINE**
(Publications will be opened in a new window)                    **IMAGINATION LIBRARY**




Insight magazine is a resource for living in the Golden Triangle area.




Best of the Triangle 2019




Best Area Professionals 2019



2020 Dining Guide

Other special sections available online




Dispatch-sponsored Imagination Library provides a free book each month to Lowndes County children under the age of 5.
Learn more at lowndesil.org.

THE DISPATCH

662-328-2424 | PO Box 511, Columbus, MS 39703-0511
Copyright 2020 The Commercial Dispatch Publishing Company
Privacy Policy & Terms of Use

Progress Magazine | Friendly City Mini Warehouses | 662TIX

3 of 3

7/29/20, 8:57 PM

EXHIBIT

C

GORDON ROSEN (1921 - 2014)
R. BERNARD HARWOOD, JR.
JAMES J. SLEDGE
***BLAKE A. MADISON
†*W. BRADFORD ROANE, JR.
**JEFFREY C. SMITH
FOSTER C. ARNOLD
††MATTHEW Q. TOMPKINS
JENNIFER T. CRABTREE
††JANE L. CALAMUSA
KRISTOFOR D. SODERGREN
††**CHAD L. HOBBS
††ROBIN E. PATE

ANN L. REARDON
††LORI C. BAIRD
††JILLIAN L. GUIN WHITE
EMILEE H. SCHEEFF
NICOLE B. HAMPTON
CATY C. WALDROP

OF COUNSEL:
ALYCE M. SPRUELL
ROBERT A. MORGAN



**ROSEN
HARWOOD**
ATTORNEYS AT LAW

**Board Certified - Civil Trial Advocacy -
National Board of Trial Advocacy

***Certified Information Privacy Professional

†Also admitted in Florida

††Also admitted in Mississippi

*Also admitted in Georgia

**Also admitted in Tennessee

Writer's Email Address:
jsmith@rosenharwood.com

May 27, 2020

## VIA EMAIL & U.S. MAIL

Peter Imes, Editor
The Commercial Dispatch
P. O. Box 511
Columbus, MS  39703
voice@cdispatch.com

Tess Vrbin, Reporter
The Commercial Dispatch
P. O. Box 511
Columbus, MS  39703
tmvrbin@gmail.com

> **RE:** **Article "Employer of Two Workers Who Died at Job Site
> Linked to 27 Previous OSHA Violations"
> Published May 24, 2020 9:46 a.m.**

Dear Mr. Imes and Ms. Vrbin:

This firm represents Mr. Shane Henderson and Southern Civil Contracting, Inc. in regard to the above-referenced article.  This article is replete with false and defamatory assertions, and we are hereby demanding an immediate apology and retraction of this article.

In your article, you state "Henderson was previously President of Gilco Contracting, based in Tuscaloosa."  You indicate "Gilco accrued 27 OSHA violations from inspection of trenches at construction sites between 2005 and 2008."  If you had taken the time to conduct even the most basic internet research into Gilco Construction, you would note that at no time during any of these OSHA violations was Mr. Henderson the President of Gilco Contracting, Inc.  Attached are records from the Alabama Secretary of State's Office which indicate that Mr. Henderson was not the President of the company during any of these alleged violations.  The President of the company was Jeff Gilbert up until 2008 when Mr. Gilbert and his partner, Mark Simpson, sold the company to several Gilco contracting employees, and the President became Mr. Rodney Camp.  (See Alabama Secretary of State records attached as Exhibit A.)

May 27, 2020
Page 2

Any legitimate investigation into Gilco Contracting, Inc. would have also revealed that Mr. Henderson's role within the company was primarily in Sales and Estimating, more than any field operations. I represented Gilco throughout this period you reference in your article and I was involved in the response to OSHA as to these violations. Shane Henderson was not supervising the projects where the alleged violations occurred, nor was he responsible for the safety and training program for the Gilco employees involved in the alleged violations. Further, he was not involved in the response to the OSHA citations. Gilco had over 150 employees at that time and had a full-time safety director. Your assertions that somehow Shane Henderson was "linked" to these violations is a complete misrepresentation of the facts.

As a result of your false, misleading, and sloppy reporting, the AP Wire has picked up this story and run with it. Now, they have changed the headline to read "Company Owner of Two Killed Workers Had Been Cited 27 Times." That is patently false and misleading as well. Therefore, we hereby demand, pursuant to § 95-1-5 of the Code of Mississippi, that you apologize for the false and defamatory statements and retract them in full in the same manner in which said article appeared.

Southern Civil reserves the right to pursue both you, individually, as well as your employer, the "Dispatch" for any and all monetary damages, emotional distress, and all other damages sustained by either of them as a result of your article.

I recognize the importance of free press. However, along with that freedom comes a great responsibility to the public to fairly and accurately report the facts. I look forward to receiving a copy of the retraction and apology within 10 days, or we'll have no choice but to file suit to protect our client's rights and most importantly his reputation.

Sincerely,

Jeffrey C. Smith

JCS/ab
Enclosures

cc:    Shane Henderson (via email w/encls.)

i:\jeff\southern civil contractors\osha\the commercial dispatch 5.27.20.doc

DOCUMENT 3
Business Entity Records | Alabama Secretary of State    Page 1 of 1
Case 7:21-cv-01574-GMB   Document 1-1   Filed 11/29/21   Page 38 of 133
EXHIBIT A

 **Alabama Secretary of State**    

| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 3-11-2002 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page      New Search

Browse Results

 **Alabama Secretary of State**



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page    New Search

Browse Results

DOCUMENT 3

Business Entity Records | Alabama Secretary of State    Case 7:21-cv-01578-GMB   Document 1-1   Filed 11/29/21   Page 40 of 133   Page 1 of 1

 # Alabama Secretary of State    

| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page    New Search

Browse Results

 **Alabama Secretary of State**    

| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page     New Search

Browse Results

DOCUMENT 3

Business Entity Records | Alabama Secretary of State Case 7:21-cv-01579-GMB Document 1-1 Filed 11/29/21 Page 42 of 133 Page 1 of 1

 # Alabama Secretary of State 

| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page    New Search

Browse Results

DOCUMENT 3

Business Entity Records | Alabama Secretary of State    Case 2:01-cv-01971-AKK Document 1-1   Filed 11/29/21   Page 43 of 133   Page 1 of 1

 **Alabama Secretary of State**



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
|  | |

Detail Page    New Search

Browse Results

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
|  | |

Detail Page    New Search

Browse Results

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page    New Search

Browse Results

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-14-2007 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY ALLEN<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | UTILITY CONTRACTOR<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405 |
| | |

Detail Page    New Search

Browse Results

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 4-1-2008 |
| Reporting Address | GILCO CONTRACTING INC<br>320 BEAR CREEK CUTOFF RD<br>TUSCALOOSA, AL 35405-5963 |
| Agent as Reported | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| Secretary | SIMPSON, MARK<br>320 BEAR CREEK CUT OFF RD<br>TUSCALOOSA, AL 35405 |
| General Business | CONTRACTOR |
| | |

Detail Page    New Search

Browse Results

DOCUMENT 3

Business Entity Records | Alabama Secretary of State Case 7:21-cv-01379-GMB Document 1-1 Filed 11/29/21 Page 48 of 133 Page 1 of 1

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 5-18-2010 |
| Reporting Address | GILCO CONTRACTING INC APT B<br>2710 SOUTHSIDE DR<br>TUSCALOOSA, AL 35401-5600 |
| Agent as Reported | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | CAMP, RODNEY<br>2318 COUNTY ROAD 79<br>PHIL CAMPBELL, AL 35581 |
| Secretary | HARSHMAN, ANDREW<br>78 CIRCLEWOOD<br>TUSCALOOSA, AL 35405 |
| General Business | CONTRACTOR |
| | |

Detail Page    New Search

Browse Results

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 10-5-2010 |
| Reporting Address | GILCO CONTRACTING INC APT B<br>2710 SOUTHSIDE DR<br>TUSCALOOSA, AL 35401-5600 |
| Agent as Reported | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | CAMP, RODNEY<br>2318 COUNTY ROAD 79<br>PHIL CAMPBELL, AL 35581 |
| Secretary | HARSHMAN, ANDREW<br>78 CIRCLEWOOD<br>TUSCALOOSA, AL 35405 |
| General Business | CONTRACTOR |
| | |

Detail Page     New Search

Browse Results

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 4-12-2011 |
| Reporting Address | GILCO CONTRACTING INC APT B<br>2710 SOUTHSIDE DR<br>TUSCALOOSA, AL 35401-5600 |
| Agent as Reported | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | CAMP, RODNEY<br>2318 COUNTY ROAD 79<br>PHIL CAMPBELL, AL |
| Secretary | HARSHMAN, ANDREW<br>78 CIRCLEWOOD<br>TUSCALOOSA, AL 35405 |
| General Business | CONTRACTOR |
| | |

Detail Page    New Search

Browse Results

.

 # Alabama Secretary of State



| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 9-28-2012 |
| Reporting Address | GILCO CONTRACTING INC APT B<br>2710 SOUTHSIDE DR<br>TUSCALOOSA, AL 35401-5600 |
| Agent as Reported | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | CAMP, RODNEY<br>2318 COUNTY ROAD 79<br>PHIL CAMPBELL, AL 35581 |
| Secretary | HARSHMAN, ANDREW<br>78 CIRCLEWOOD<br>TUSCALOOSA, AL 35405 |
| General Business | CONTRACTOR |
| | |

Detail Page    New Search

Browse Results

.

DOCUMENT 3
Business Entity Records | Alabama Secretary of State    Page 1 of 1
Case 7:21-cv-01571-GMB   Document 1-1   Filed 11/29/21   Page 52 of 133

 **Alabama Secretary of State**                    

| Gilco Contracting, Inc. | |
|---|---|
| Entity ID Number | 209 - 290 |
| Telephone Number | 205-758-2841 |
| Date Processed by Revenue | 3-11-2019 |
| Reporting Address | GILCO CONTRACTING INC APT B<br>2710 SOUTHSIDE DR<br>TUSCALOOSA, AL 35401-5600 |
| Agent as Reported | GILBERT, JEFFREY<br>1018 MALLARD CIR<br>TUSCALOOSA, AL 35405-6772 |
| President | CAMP, RODNEY<br>2318 COUNTY ROAD 79<br>PHIL CAMPBELL, AL 35581 |
| Secretary | HARSHMAN, ANDREW<br>78 CIRCLEWOOD<br>TUSCALOOSA, AL 35405 |
| General Business | CONTRACTOR<br>2318 COUNTY HIGHWAY 79<br>PHIL CAMPBELL, AL 35581-6638 |
| | |

Detail Page      New Search

Browse Results

EXHIBIT

D

**WADE GRUNBERG & WILSON LLC**

NICOLE JENNINGS WADE

Direct: 404.382.8132
nwade@wgwlawfirm.com

July 13, 2020

**VIA EMAIL**

The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
Lightfoot
The Clark Building
400 20th Street North
Birmingham, AL  35203
jthompson@lightfootlaw.com

     RE:  Defamation Claims Against The Commercial Dispatch and Tess Vrbin

Mr. Thompson:

     This Firm represents Shane Henderson and Southern Civil Contracting, Inc. in connection with defamation claims arising from the false and defamatory accusations published against them by your clients, The Commercial Dispatch and Tess Vrbin[1], in the May 24, 2020 article titled "Employer of two workers who died at job site linked to 27 previous OSHA violations" (the "Article").  Despite the fact that your clients published these claims with reckless disregard for their truth or falsity – if not actual knowledge of their falsity – and was specifically put on notice of the falsity of their claims by Mr. Henderson's former counsel at least by May 27, the Article remains available on your client's website, via a link from your client's Twitter page, and via a post on your client's Facebook page.  *See* https://www.cdispatch.com/news/article.asp?aid=81373; https://twitter.com/CDispatch/status/1264602573106888705; and https://www.facebook.com/TheDispatch/posts/10163694322060068.

     I have been forwarded your emails to Jeff Smith, Mr. Henderson's other counsel, in which you assert that you and your client are "working on a clarification story."  Let me be clear – there is no "clarification" to be made here.  The accusations in the Article are patently false and *per se* defamatory, and they must be redacted in their entirety immediately.  Mr. Smith has already explained this very clearly to your clients, but I will repeat it – the following statements and gists about Mr. Henderson and Southern Civil Contracting in the Article are false and defamatory:

---

[1] I assume you represent both The Commercial Dispatch and its staff reporter, Ms. Vrbin, but please let me know if that is not accurate.

The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
July 13, 2020
Page 2 of 5

(1) The headline "Employer of two workers who died at job site linked to 27 previous OSHA violations"

(2) The graphic titled "Gilco Contracting's OSHA violations, 2005-2008," which in its entirety conveys the false gist that Mr. Henderson has a connection with Gilco Contracting's OSHA violations

(3) The entire gist of the Article that accidents and violations associated with Gilco Contracting are attributable and/or related to Mr. Henderson and Southern Civil Contracting

(4) The entire gist of the Article that OSHA violations by Gilco Contracting make it more likely that Southern Civil Contracting committed wrongdoing in connection with the May 19 accident

(5) The text in the graphic "The now-defunct Tuscaloosa construction company Gilco Contracting accumulated a variety of federal citations for safety violations at work sites. 22 of the 27 listed below received OSHA's highest assessment of potential danger. Gilco's former president, Shane Henderson, now runs Southern Civil Contracting in Tuscaloosa. Two Southern Civil employees died in a construction accident on May 19, under conditions similar to those in a 2006 accident that left a worker without an arm and accrued five OSHA citations, including two for repeated violations. Southern Civil has three previous citations to its name."

(6) "But safety risks tied to the head of Southern Civil Contracting, the construction company working at the multi-home development where the accident occurred, are much less rare. A long list of citations for safety violations from the U.S. Department of Labor's Occupational Safety and Health Administration are linked to Shane Henderson, president and owner of the Tuscaloosa-based company."

(7) "Henderson was previously president of Gilco Contracting, also based in Tuscaloosa. Gilco accrued 27 OSHA citations from inspections of trenches at construction sites between 2005 and 2008, according to inspection records OSHA sent The Dispatch on Friday."

(8) "A similar accident in the Tuscaloosa area in April 2006 pinned a Gilco employee underneath some equipment in an 18-foot trench after a soil collapse, and the employee's crushed arm was later amputated, according to the Birmingham Business Journal. Gilco received five OSHA citations for the accident: three for failing to meet specific excavation requirements, one for a safety training and education violation and one for failing to meet protective system requirements."

The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
July 13, 2020
Page 3 of 5

(9) "The safety training citation was later dropped, and two of the other violations were reclassified from 'willful' to 'repeat.' Willful violations are 'where an employer has demonstrated either an intentional disregard for the requirements of the act or a plain indifference to employee safety and health,' according to OSHA's Field Operations Manual.

Employers are cited for repeated violations if they have been cited in the past for 'the same or a substantially similar condition or hazard.' Gilco went out of business in 2013, but OSHA still considers an employer's past when issuing citations.

Gilco had more violations labeled serious than any other type, and the manual defines serious as 'a substantial probability that death or serious physical harm could result.' Gilco had 12 serious and nine repeated violations."

(10)    The heading: "'**The most serious violative conditions'**"

(11)  "Failure to meet specific excavation requirements and protective system requirements made up the vast majority of Gilco's violations, 17 out of 27.

The violations did not specifically state which requirements were not met, but specific excavation requirements include the prohibition of 'exposure to falling loads,' and protective systems during excavations must be able to withstand 'all loads that are intended or could reasonably be expected to be applied or transmitted to the system,' according to OSHA regulations.

All 17 violations were assigned a gravity of 10, the highest designation from OSHA based on both the severity and probability of potential illness or injury if an accident were to occur, according to the Field Operations Manual. Factors that determine probability include the number of employees exposed to hazardous conditions, the 'frequency and duration of exposure,' the employees' ages and proximity to the danger.

OSHA only assigns a designation of 10 to 'the most serious violative conditions, such as those situations involving danger of death or extremely serious injury or illness,' according to the manual. Five more of Gilco's citations were designated 10, including two rigging equipment violations and one 'general duty' violation, meaning there was no specific standard that applied to the hazard.

Gilco was initially fined a total of $530,500 for the 27 citations, but OSHA reduced the fines to a total of $258,735, less than half, after the company contested the citations."

Although some of these statements may be technically true with respect to Gilco, the context of the Article – in which the statements are being used to falsely accuse Mr. Henderson and Southern Civil Contracting of wrongdoing – renders them false and defamatory with respect to my clients. This is particularly true given the provably false statement that Mr. Henderson was President of Gilco.

As Mr. Smith pointed out to you, Mr. Henderson was not President of Gilco when any of the accidents or infractions described in the Article occurred, and he was not even connected in any way with those accidents or infractions. Mr. Smith provided your clients with undisputable evidence of this fact – despite which, your clients still have not taken down the false statements.

It is apparent that Ms. Vrbin conducted no research whatsoever before making the extremely damaging accusations in the Article. She did not speak with Mr. Henderson or Jeff Gilbert or Rodney Camp. She obviously did not review Secretary of State records. Aside from obtaining OSHA records for an entirely different company, she does not appear to have done any investigation at all. The fact that Ms. Vrbin is a completely inexperienced reporter does not shield her or the Dispatch from liability for defamation. In fact, her inexperience places additional responsibility on the Dispatch to ensure that Ms. Vrbin has conducted an actual investigation before making false accusations that can destroy a man's hard-earned business reputation.

These false accusations have caused serious harm to Mr. Henderson and his business. Because these false statements are defamatory *per se*, there will be no need to establish actual damages in litigation against your clients. However, Mr. Henderson has significant evidence of how far these falsehoods have spread and how damaging they have been to his business and to his reputation. Your clients' decision to flagrantly continue to publish what it knows to be false and defamatory accusations for nearly ***two months*** after receiving detailed evidence demonstrating their falsity will contribute to evidence of the willfulness of your clients' actions.

My clients demand – once again – that you ***immediately*** retract and take down the Article in its entirety everywhere it is currently published. The retraction must be published in as conspicuous manner as the initial Article, and your clients should apologize to Mr. Henderson and Southern Civil Contracting for making these false and defamatory accusations. As you know, the Article was picked up and repeated by numerous other news organizations – including the Associated Press – and your clients are responsible for all of those republications, which were clearly foreseeable at the time of publication of the Article.

Finally, although this should have been evident from Mr. Smith's first letter to your clients and their obligations under the law, this letter also serves as notice that your clients and their affiliated entities, employees, agents, and assigns are hereby directed to preserve any and all evidence related in any way to the Article and their reporting on my clients. By this letter, they are directed not to destroy, conceal, or alter any paper or electronic files, physical evidence, and/or other data generated, relating in any way, no matter how remote, to said reporting and the

WADE
GRUNBERG
& WILSON
LLC

The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
July 13, 2020
Page 5 of 5

Article and/or the circumstances leading to its publication, including, but not limited to: (1) all sources of the statements made in the Article; (2) any and all documents and data referring to, reflecting, or relating to communications between your clients and any sources; (3) any and all documents and data referring to, reflecting, or relating to internal communications regarding the reporting and the Article; and (4) any and all documents and data referring to, reflecting, or relating to communications between your clients and my client or his representatives, and/or between your clients and any third party, regarding the reporting and the Article.

Many records and files are maintained electronically. This letter specifically requests that all paper and hard copy originals be maintained and preserved in their original format. By the same token, electronic documents and the storage media on which they reside – emails, texts, voicemails, phones, computers, social media messaging, etc. – contain relevant, discoverable information beyond that which may be found in printed documents. Therefore, even where a paper copy exists and has been preserved, your clients are requested to preserve and maintain all electronically stored documents and information in their original native format. This preservation demand specifically encompasses any and all electronic documents, including but not limited to, all word-processed files, e-mails, spreadsheets, all databases, and any other electronically stored and/or generated documents or files.

Please forward me a link to the retraction and apology once it is published, as well as evidence that the initial article has been permanently removed from the internet, both of which we expect to occur immediately.

Sincerely,

Nicole Jennings Wade

cc:   Mr. Shane Henderson (via email)
      Jeffrey C. Smith (via email to jsmith@rosenharwood.com)

EXHIBIT

E

# Employer of two workers who died at job site linked to previous OSHA violations

**cdispatch.com**/news/2020-05-24/employer-of-two-workers-who-died-at-job-site-linked-to-previous-osha-violations/

Tess Vrbin                                                                    May 24, 2020



Trench collapses at construction sites are rare, Starkville Fire Chief Charles Yarbrough told reporters after a collapse killed two workers at a housing development on Tuesday.

Zachary Wayne Osbourn, 36, and William Kizzire, 19, both of Fayette County, Alabama, were working for Southern Civil Contracting when they were both killed Tuesday after a trench collapsed on them while they were laying pipe at the construction site on South Montgomery Street, just south of the Maison de Ville subdivision. Southern Civil Contracting is a Tuscaloosa-based company headed by Shane Henderson. Andy Fornea, owner of A.S. Fornea Construction out of Oxford, is the site's developer.

First responders arrived to find Osbourn dead, and they spent two and a half hours rescuing Kizzire from the rubble.

Kizzire died en route to the North Mississippi Medical Center in Tupelo via helicopter.

A similar accident in the Tuscaloosa area in April 2006 pinned a Gilco Contracting employee underneath some equipment in an 18-foot trench after a soil collapse, and the employee's crushed arm was later amputated, according to the Birmingham Business Journal. Gilco

received five OSHA citations for the accident: three for failing to meet specific excavation requirements, one for a safety training and education violation and one for failing to meet protective system requirements.

In that 2006 Birmingham Business Journal story, Henderson, who was formerly employed by Gilco, spoke on behalf of that company. While Henderson briefly served as interim president of Gilco, his role was primarily related to sales and he did not serve in any leadership role during those OSHA violations, according to his attorney, Jeff Smith of Tuscaloosa. Gilco was based in Tuscaloosa and has since gone out of business.

Gilco accrued 27 OSHA citations from inspections of trenches at construction sites between 2005 and 2008, according to inspection records OSHA sent The Dispatch on Friday. Southern Civil had three similar citations in 2010, its first year of existence. In the past 10 years, however, OSHA has not cited Southern Civil.

Southern Civil's three citations included two serious citations for specific excavation requirements and one for protective system requirements. One of the excavation requirements violations had a gravity designation of 5, or moderate severity and probability of an accident, but the other two violations were designated 10.

Southern Civil's fine was reduced from $1,050 to $788 after contesting the citations.

The inspection reports for both companies indicate they corrected the violations within the period assigned by OSHA, which imposes additional fines if the correction deadline is not met.

*Tess Vrbin was previously a reporter for The Dispatch.*

- 
- 
- 
- 
-

EXHIBIT

F



NICOLE JENNINGS WADE

Direct: 404.382.8132
nwade@wgwlawfirm.com

November 13, 2020

**<u>VIA EMAIL</u>**

The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
Lightfoot
The Clark Building
400 20th Street North
Birmingham, AL 35203
jthompson@lightfootlaw.com

      RE:  Defamation claims against The Commercial Dispatch and Tess Vrbin

Mr. Thompson:

      As you know, this Firm represents Shane Henderson and Southern Civil Contracting, Inc. in connection with defamation claims arising from the false and defamatory accusations published against them by your clients, The Commercial Dispatch (the "The Dispatch") and Tess Vrbin, in the May 24, 2020 article titled "Employer of two workers who died at job site linked to 27 previous OSHA violations" (the "Initial Article") and after modification on or about July 30, 2020, retitled "Employer of two workers who died at job site linked to previous OSHA violations" (the "Modified Article") (collectively, the "Article").

      As you also know, the Associated Press initially picked up and ran a story repeating the key details from the Article.  However, on August 31, 2020, the AP retracted and removed its article about Mr. Henderson and Southern Civil Contracting, acknowledging its regrets to Mr. Henderson for the errors in the reporting – your clients' reporting.  *See, e.g.*, https://www.usnews.com/news/best-states/mississippi/articles/2020-05-26/company-owner-of-2-killed-workers-had-been-cited-27-times (last visited Nov. 9, 2020).  Virtually every other news organization that ran some version of the Article has now similarly retracted and removed their stories reporting on the Article and expressed regrets for the inaccurate reporting.

      The Dispatch, however, continues to this day to publish false and defamatory statements about Mr. Henderson and Southern Civil Contracting.  The Modified Article contains a false and defamatory headline: "Employer of two workers who died at job site linked to previous OSHA violations."  *See* https://www.cdispatch.com/news/article.asp?aid=81373&utm_source=dlvr.it&utm_medium=twitter (last visited Nov. 9, 2020).  Consistent with the false claim in the headline that Mr. Henderson is "linked" to Gilco's OSHA violations, The Dispatch reports in the Modified Article



The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
November 13, 2020
Page 2 of 4

_____

that "Gilco accrued 27 OSHA citations from inspections of trenches at construction sites
between 2005 and 2008. . . Southern Civil had three similar citations in 2010. . . ."

Similarly on social media, The Dispatch's tweet remains available on Twitter with the
text "Employer of two workers who died at job site linked to 27 previous OSHA violations" – a
statement that The Dispatch knows to be absolutely false.  *See*
https://twitter.com/CDispatch/status/1264602573106888705 (last visited Nov. 9, 2020).
Similarly, The Dispatch's Facebook post remains available with the text "Gilco Contracting
accrued 27 OSHA citations from inspections of trenches at construction sites between 2005 and
2008, according to inspection records OSHA sent The Dispatch on Friday" and "Employer of
two workers who died at job site linked to 27 previous OSHA violations."  *See*
https://www.facebook.com/TheDispatch/posts/10163694322060068 (last visited Nov. 9, 2020).

We have had numerous exchanges regarding the falsity of the accusations in the Article,
and I specifically set forth each false and defamatory statement from the Initial Article in
previous correspondence, and so I will not rehash those here – except to say that it is false and
defamatory to assert that Mr. Henderson is "linked" to previous OSHA violations issued to
Gilco, and it is false and defamatory to report on the number and type of OSHA violations issued
to Gilco as though they have relevance to Southern Civil Contracting and the tragic accident that
occurred in May.  *See, e.g.*, *WKRG-TV, Inc. v. Wiley*, 495 So. 2d 617 (Ala. 1986) (affirming
denial of motion for summary judgment where defendant was aware, or should have been aware,
that plaintiff was not owner of company involved in news report).  The only reason to include the
discussion of the OSHA violations issued to Gilco is to support the headline that Gilco's
violations are somehow "linked" – and therefore relevant – to the accident suffered by
employees of Southern Civil Contracting, making it more likely that Mr. Henderson and/or
Southern Civil Contracting were somehow at fault for the horrible accident resulting in the
deaths of two their employees.  *See, e.g.*, *Liberty Nat'l Life Ins. Co. v. Daugherty*, 840 So. 2d
152, 158 (Ala. 2002) (recognizing that a defamatory statement must be construed with
surrounding statements "in order to determine the context in which the statement was made").

The false and defamatory statements published by your clients in the Article were
distributed far beyond the reach of The Dispatch.  The AP picked up the story, and many news
organizations reported on it, including U.S. News and World Report, The Washington Times,
The Tuscaloosa News, and local affiliates of ABC, NBC, and Fox.  It was also plastered on
social media by these organizations.  Your clients are responsible for damages resulting from all
of these publications, as the Alabama Supreme Court has decided unequivocally that "[w]hen the
original publisher of a defamatory statement might reasonably expect the statement to be
repeated, the original publisher is responsible for the damage that results from that repetition of
the slander."  *Barnette v. Wilson*, 706 So. 2d 1164, 1167 (Ala. 1997).  This holding comports
with the general rule that "[w]hen . . . the second publication is a natural and probable
consequence of the first, the initial publisher is responsible for it."  *Id.* at 1166.  It was obviously
foreseeable to your clients – indeed, intended by your clients as a natural and probable
consequence – that other news outlets would pick up and report on the Article; thus, your clients



The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
November 13, 2020
Page 3 of 4

_____

are liable for all damages resulting from the national and social media spread of the false and defamatory statements about my clients.

These false statements constitute malicious injury to Mr. Henderson and his business and are therefore defamatory *per se*. *See, e.g., Ponder v. Lake Forest Prop. Owner's Ass'n*, 214 So. 3d 339, 350-51 (Ala. Civ. App. 2015). Thus, damages are presumed, and there will be no need to establish actual damages in litigation against your clients. *Id.*; *see also Delta Health Grp., Inc. v. Stafford*, 887 So. 2d 887, 896-97 (Ala. 2004) (holding that when a statement is defamatory *per se*, "[d]amage is implied by law" and "a plaintiff may recover nominal or compensatory damages without proof of actual harm to his reputation or proof of any other harm").

Mr. Henderson does, however, have significant evidence of actual damages to present at trial. He is confident that he can establish the impairment of his business reputation as a result of your clients' defamation, resulting in the loss of hundreds of thousands of dollars of business in these few short months, an unprecedented zero new clients for contracts during this past summer working season, and potentially millions of dollars of business losses in the near future. *See generally Pensacola Motor Sales, Inc. v. Daphne Auto., LLC*, 155 So. 3d 930, 935 (Ala. 2013) (affirming jury award of $2.5 million in total compensatory damages to plaintiff and his business for lost profits resulting from defamation *per se*). He also plans to present significant evidence of mental anguish and suffering as a result of the defamation and the implication that he was somehow responsible for the deaths of his employees. Under Alabama law, where "the defamation involved . . . [is] slander per se, the law recognizes a right to recover for mental anguish." *Liberty Nat'l Life Ins. Co.*, 840 So. 2d at 162 (Ala. 2002) (holding that evidence was sufficient to support jury award of $300,000 in damages for mental anguish where plaintiff and his wife testified that plaintiff was "worrying day and night as to whether the slanderous statements would gain traction in the community" and that plaintiff had anxiety because "he had worked all his life to build a good name, and he felt that his name was being destroyed"); *see also Pensacola Motor Sales*, 155 So. 3d at 943 ("[Plaintiff] need not have presented evidence of either damage to his reputation or mental anguish, because both were presumed. Regardless, as in *Daugherty*, [plaintiff] *did* present evidence establishing the fear and worry. . . .").

Additionally, specific evidence should not be needed in this case to support an award of punitive damages. *See Ponder*, 214 So. 3d at 351-52 ("'Where a publication is libelous per se, the law presumes it to be false and, therefore, prompted by malice.' Therefore, the trial court did not err in finding, pursuant to § 6-11-20(b)(2)b., malice '[u]nder such circumstances that the law will imply an evil intent.'") (citations omitted). But to the extent such evidence is needed, your clients' decision to flagrantly continue to publish false and defamatory accusations for months after they were shown to be false is clear and convincing evidence of your clients' malice, wantonness and oppression that will subject them to punitive damages. *See Pensacola Motor Sales*, 155 So. 3d at 945-52 (affirming jury award of $5 million in total punitive damages to plaintiff and his company for slander *per se*).



The Commercial Dispatch
Tess Vrbin
c/o John G. Thompson, Jr.
November 13, 2020
Page 4 of 4

_____

My clients plan to file a lawsuit next week seeking to recover significant damages from your clients.  If you would like to discuss a potential resolution prior to our filing of the lawsuit, please feel free to contact me.  Otherwise, please advise whether you will acknowledge service of the complaint on behalf of one or both of your clients.


Sincerely,


Nicole Jennings Wade


cc:    Mr. Shane Henderson (via email)
       Jeffrey C. Smith, Esq. (via email to jsmith@wplawllc.com)



AlaFile E-Notice

63-CV-2021-900958.00

To:   JEFFREY C. SMITH MR.
       jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following complaint was FILED on 10/27/2021 2:08:58 PM

Notice Date:    10/27/2021 2:08:58 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

To: COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC.
516 MAIN STREET
COLUMBUS, MS, 39701

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following complaint was FILED on 10/27/2021 2:08:58 PM

Notice Date:     10/27/2021 2:08:58 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

| State of Alabama<br>Unified Judicial System<br>Form C-34   Rev. 4/2017 | SUMMONS<br>- CIVIL - | Court Case Number<br>63-CV-2021-900958.00 |
|---|---|---|

## IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA
### SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I

**NOTICE TO:** COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC., 516 MAIN STREET, COLUMBUS, MS 39701

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY C. SMITH MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1651 McFarland Blvd. North, TUSCALOOSA, AL 35406

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

### TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL PROCEDURE TO SERVE PROCESS:

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHANE HENDERSON pursuant to the Alabama Rules of the Civil Procedure.

*[Name(s)]*

| 10/27/2021 | /s/ MAGARIA HAMNER BOBO | By: |
|---|---|---|
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.   /s/ JEFFREY C. SMITH MR.

*(Plaintiff's/Attorney's Signature)*

## RETURN ON SERVICE

☐ Return receipt of certified mail received in this office on

*(Date)*

☐ I certify that I personally delivered a copy of this Summons and Complaint or other document to

in _____ County,

*(Name of Person Served)*        *(Name of County)*

Alabama on _____ .

*(Date)*

| *(Type of Process Server)* | *(Server's Signature)* | *(Address of Server)* |
|---|---|---|
| | *(Server's Printed Name)* | *(Phone Number of Server)* |

ORIGINAL

| State of Alabama<br>Unified Judicial System<br>Form C-34  Rev. 4/2017 | **SUMMONS**<br>**- CIVIL -** | **Court Case Number**<br>63-CV-2021-900958.00 |

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**
**SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I**

NOTICE TO: COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC., 516 MAIN STREET, COLUMBUS, MS 39701

*(Name and Address of Defendant)*

THE COMPLAINT OR OTHER DOCUMENT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT, AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS. YOU OR YOUR ATTORNEY ARE REQUIRED TO FILE THE ORIGINAL OF YOUR WRITTEN ANSWER, EITHER ADMITTING OR DENYING EACH ALLEGATION IN THE COMPLAINT OR OTHER DOCUMENT, WITH THE CLERK OF THIS COURT. A COPY OF YOUR ANSWER MUST BE MAILED OR HAND DELIVERED BY YOU OR YOUR ATTORNEY TO THE PLAINTIFF(S) OR ATTORNEY(S) OF THE PLAINTIFF(S), JEFFREY C. SMITH MR.

*(Name(s) of Attorney(s))*

WHOSE ADDRESS(ES) IS/ARE: 1651 McFarland Blvd. North, TUSCALOOSA, AL 35406

*(Address(es) of Plaintiff(s) or Attorney(s))*

THE ANSWER MUST BE MAILED OR DELIVERED WITHIN 30 DAYS AFTER THIS SUMMONS AND COMPLAINT OR OTHER DOCUMENT WERE SERVED ON YOU OR A JUDGMENT BY DEFAULT MAY BE RENDERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT OR OTHER DOCUMENT.

**TO ANY SHERIFF OR ANY PERSON AUTHORIZED BY THE ALABAMA RULES OF CIVIL**
**PROCEDURE TO SERVE PROCESS:**

☐ You are hereby commanded to serve this Summons and a copy of the Complaint or other document in this action upon the above-named Defendant.

☑ Service by certified mail of this Summons is initiated upon the written request of SHANE HENDERSON pursuant to the Alabama Rules of the Civil Procedure.              *(Name(s))*

| 10/27/2021 | /s/ MAGARIA HAMNER BOBO | By: *AEL* |
| *(Date)* | *(Signature of Clerk)* | *(Name)* |

☑ Certified Mail is hereby requested.              /s/ JEFFREY C. SMITH MR.

*(Plainti...*

**RETURN ON...**

☐ Return receipt of certified mail received in this office on

☐ I certify that I personally delivered a copy of this Summo...

_____  in

*(Name of Person Served)*

Alabama on _____

*(Date)*

_____

*(Type of Process Server)*        *(Server's Signature)*

_____

*(Server's Printed Name,*

**63-CV-2021-9...**

SHANE HENDERSON ET AL V. COMMERCIAL I

C001 - SHANE HENDERSON              v.

*(Plaintiff)*

---

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com* .

**OFFICIAL USE**

Certified Mail Fee

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt *(hardcopy)*        $
☐ Return Receipt *(electronic)*        $
☐ Certified Mail Restricted Delivery     $
☐ Adult Signature Required          $
☐ Adult Signature Restricted Delivery   $

Postmark
Here

Postage
$ $10.16

Total Postage and Fees
$

Sent To

Street and Apt. No., or PO Box No.

City, State, ZIP+4®

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

C001 - COMMERCIAL DISPATCH PUBLISHING
CORPORATION, INC.

*(Defendant)*

**SERVICE RETURN COPY**

ELECTRONICALLY FILED
10/28/2021 9:27 AM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

63-TUSCALOOSA

Revised 3/5/08

Cas☐

☐ District Court   ☑ Circuit Court

CV2☐

## CIVIL MOTION COVER SHEET

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I

*Name of Filing Party:* C001 - HENDERSON SHANE
C002 - SOUTHERN CIVIL CONTRACTING, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JEFFREY C. SMITH MR.

1651 McFarland Blvd. North

TUSCALOOSA, AL 35406

*Attorney Bar No.:* SMI198

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e. Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative Summary Judgment ($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion (Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56 ($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☑ Other   Verified Application to Practice Pro Hac Vice | ☐ In Limine |
| pursuant to Rule  VII of the Rules Governing ($325.00) Admission to the State Bar | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $   0 | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule                    (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:  10/28/2021 9:25:39 AM | Signature of Attorney or Party /s/ JEFFREY C. SMITH MR. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
10/28/2021 9:27 AM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

DOCUMENT 8

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SHANE HENDERSON and** | § | |
| **SOUTHERN CIVIL CONTRACTING, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **CASE NO. CV 2021-900958** |
| | § | |
| **vs.** | § | |
| | § | |
| **COMMERCIAL DISPATCH PUBLISHING** | § | |
| **CORPORATION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

### MOTION FOR ADMISSION PRO HAC VICE

---

Plaintiffs, Shane Henderson and Southern Civil Contracting, Inc., through their undersigned counsel of record, respectfully request that the Court allow Jonathan D. Grunberg to appear pro hac vice in this matter for all purposes. As set out in the Verified Application for Admission to Practice Pro Hac Vice, which is attached hereto as Exhibit A, Mr. Grunberg is a member in good standing of the Bar of the State of Georgia. A certificate of good standing from Georgia is filed with his application. The undersigned, as local counsel of record for the Plaintiffs, hereby consents to the association of Mr. Grunberg in this cause pursuant to Rule VII of the Rules Governing the Admission to the Alabama State Bar.

In addition, I hereby certify that I have served a copy of this motion and the attached application to the Office of PHV Admissions of the Alabama State Bar by mail in accordance with the Alabama Rules of Civil Procedure, along with payment of all required filing fees.

Respectfully submitted.

*/s/ Jeffrey C. Smith*

1

**Jeffrey C. Smith** (SMI198)
Attorney for Plaintiffs

OF COUNSEL
Watson & Smith, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL  35406
Phone 205/345-1577
Fax 205/345-1583
jeff@watsonsmithllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following party

in this proceeding by mailing the same by United States mail, properly addressed and First Class

postage prepaid, or via AlaFile, this 28th day of October, 2021.

*/s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)

DOCUMENT 8

John G. Thompson, Jr., Esq.
LIGHTFOOT, FRANKLIN & WHITE
The Clark Building
400 20th Street North
Birmingham, AL 35203

2

Shane Henderson and Southern Civil Contracting, Inc.,

Plaintiff

CV 2021-900958

Case No.

VS.

Circuit Court of Tuscaloosa County, Alabama

(Court or Administrative Agency)

Commercial Dispatch Publishing Corporation, Inc.,

Defendant

**VERIFIED APPLICATION FOR ADMISSION
TO PRACTICE UNDER RULE VII OF THE
RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR**

Comes now _____ Jonathan D. Grunberg _____, applicant herein, and respectfully represents the following:

1. Applicant resides at _____ 2633 Margaret Mitchell Drive NW _____,
Street Address

| Atlanta | Fulton | Georgia |
|---|---|---|
| City | County | State |

| 30327 | 404-822-2285 | |
|---|---|---|
| Zip Code | Telephone | Social Security Number |

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of) _____ Wade, Grunberg & Wilson, LLC _____, with offices at 600 Peachtree Street NE, Suite 3900 _____ Atlanta _____,
Street Address             City

| Fulton | Georgia | 30308 | 404-600-1153 |
|---|---|---|---|
| County | State | Zip Code | Telephone |

jgrunberg@wgwlawfirm.com
E-mail

DOCUMENT 8

3. Applicant has been retained personally or as a member of the above named law firm by Shane Henderson and Southern Civil Contracting, Inc. to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since December 3 of 19/20 10, applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Georgia, where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
| --- | --- |
| Georgia Superior and State Courts | December 3, 2010 |
| Georgia Court of Appeals | January 26, 2012 |
| Supreme Court of Georgia | January 26, 2012 |
| U.S. District Court, Northern District of Georgia | February 19, 2013 |
| U.S. Court of Appeals for the 2nd Circuit | June 9, 2014 |
| U.S. Court of Appeals for the 9th Circuit | March 25, 2014 |
| U.S. Court of Appeals for the 11th Circuit | March 15, 2017 |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)
n/a

DOCUMENT 8

DOCUMENT 8

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):
n/a

_____

_____

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):
n/a

_____

_____

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):
n/a

_____

_____

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):
n/a

_____

_____

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):
n/a

_____

_____

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.
n/a

_____

_____

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| n/a | | | | |

*(If necessary, please attach statement of additional applications.)*

13. Local counsel of record associated with applicant in this matter is

Jeffrey C. Smith, Of Counsel, Watson & Poole, LLC ,

who has offices at 1651 McFarland Blvd. N. ,

| Tuscaloosa | Tuscaloosa | ,Alabama, |
|---|---|---|
| City | County | |

| 35406 | 205-345-1577 | jsmith@wplawllc |
|---|---|---|
| Zip Code | Telephone | E-mail |

14. The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| Shane Henderson | P.O. Box 2867, Tuscaloosa, AL 35403 |
| Southern Civil Contracting, Inc. | 6541 Highway 69 S. Ste. C |
| | Tuscaloosa, AL 35405 |
| Commercial Dispatch Publishing, Inc. | P.O. Box 511, Columbus, MS 39703 |

DOCUMENT 8

DOCUMENT 8

(Item 14, Continued)

Name of Counsel: Jeffrey C. Smith                    Party Represented: Shane Henderson

Mailing Address and E-mail: Watson & Poole, LLC

1651 McFarland Blvd. N.

Tuscaloosa, AL 35406

jsmith@wplawllc.com

Name of Counsel: Jeffrey C. Smith                    Party Represented: Southern Civil Contracting, Inc.

Mailing Address and E-mail: Watson & Poole, LLC

1651 McFarland Blvd. N.

Tuscaloosa, AL 35406

jsmith@wplawllc.com

Name of Counsel: _____                    Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____                    Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____                    Party Represented: _____

Mailing Address and E-mail: _____

(If necessary, please attach list of additional attorney's)

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _26th_ of _October_, 20 21.

_____
APPLICANT

STATE OF _Georgia_                )
COUNTY OF _Fulton_                )

I, _Jonathan D. Grunberg_ ,do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT

Subscribed and Sworn to before me this

_26th_ day of _October_ , 20 21 .



_____
NOTARY PUBLIC

DOCUMENT 8

DOCUMENT 8

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this 28th day of October ,20 21 .

_____
LOCAL COUNSEL

## NOTICE OF HEARING

This application for admission is set for hearing by the court or administrative agency in the style hereof on the 2nd day of Dec ,20 21 .

_____
LOCAL COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this application and fees with the Alabama State Bar:

[X] **Civil** PHV Motions:  via **Alafile** (Including $300 electronic filing fee/$25 electronic CSF Assessment)

[ ] **Criminal** PHV Motions: via USPS to Alabama State Bar, PHV Regulatory Office, PO Box 671, Montgomery, AL 36101, accompanied by **two separate checks** ($300 filing fee/$25 CSF Assessment) (Must be filed with the Bar at least 21 days prior to PHV hearing date provided above)

On this the 28th day of October ,20 21 .

_____
LOCAL COUNSEL

(Form approved by Alabama State Bar and Alabama Supreme Court to be effective January 1,1994.)

DOCUMENT 8

EXHIBIT

A

 **State Bar of Georgia**

*Lawyers Serving the Public and the Justice System*

**Mr. Jonathan David Grunberg**
**Wade Grunberg & Wilson LLC**
**600 Peachtree Street NE Suite 3900**
**Atlanta, GA  30308**

**CURRENT STATUS:**     **Active Member-Good Standing**
**DATE OF ADMISSION:**  **12/03/2010**
**BAR NUMBER:**          **869318**
**TODAY'S DATE:**        **10/07/2021**

The prerequisites for practicing law in the State of Georgia are as follows:

- **Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).**
- **Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.**
- **Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.**

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204.**  The member is current in license fees and is not suspended or disbarred as of the date of this letter.

### STATE BAR OF GEORGIA

*Brenda Lovvorn*

**Official Representative of the State Bar of Georgia**

---

**HEADQUARTERS**
104 Marietta St. NW, Suite 100
Atlanta, GA 30303-2743
404-527-8700 · 800-334-6865
Fax 404-527-8717
www.gabar.org

**COASTAL GEORGIA OFFICE**
18 E. Bay St.
Savannah, GA 31401-9910
912-239-9910 · 877-239-9910
Fax 912-239-9970

**SOUTH GEORGIA OFFICE**
244 E. 2nd St. (31794)
P.O. Box 1390
Tifton, GA 31793-1390
229-387-0446 · 800-330-0446
Fax 229-382-7435

DOCUMENT 8



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:   JEFFREY C. SMITH MR.
      jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:27:12 AM

**C001 HENDERSON SHANE**

**C002 SOUTHERN CIVIL CONTRACTING, INC.**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:     10/28/2021 9:27:12 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC. (PF
516 MAIN STREET
COLUMBUS, MS, 39701-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:27:12 AM

**C001 HENDERSON SHANE**

**C002 SOUTHERN CIVIL CONTRACTING, INC.**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:     10/28/2021 9:27:12 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  CATHY MCCURRY
cathysue.mccurry@alabar.org

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:27:12 AM

**C001 HENDERSON SHANE**

**C002 SOUTHERN CIVIL CONTRACTING, INC.**

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:    10/28/2021 9:27:12 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

ELECTRONICALLY FILED
10/28/2021 9:29 AM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

63-TUSCALOOSA

Revised 3/5/08

Cas...

☐ District Court   ☑ Circuit Court

CV2...

## CIVIL MOTION COVER SHEET

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I

*Name of Filing Party:* C001 - HENDERSON SHANE
C002 - SOUTHERN CIVIL CONTRACTING, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JEFFREY C. SMITH MR.

1651 McFarland Blvd. North

TUSCALOOSA, AL 35406

*Attorney Bar No.:* SMI198

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, or other Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☑ Other ___Verified Application to Practice Pro Hac Vice___ | ☐ In Limine |
| pursuant to Rule ___VII of the Rules Governing___ ($325.00) ___Admission to the State Bar___ | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees.* | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| ☐ Local Court Costs $ ___0___ | ☐ Objection of Exemptions Claimed |
| | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other _____ |
| | pursuant to Rule _____ (Subject to Filing Fee) |

☐ Check here if you have filed or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees)

Date:
10/28/2021 9:28:22 AM

Signature of Attorney or Party
/s/ JEFFREY C. SMITH MR.

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.

**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.

ELECTRONICALLY FILED
10/28/2021 9:29 AM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SHANE HENDERSON and** | § | |
| **SOUTHERN CIVIL CONTRACTING, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **CASE NO. CV 2021-900958** |
| | § | |
| **vs.** | § | |
| | § | |
| **COMMERCIAL DISPATCH PUBLISHING** | § | |
| **CORPORATION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

DOCUMENT 11

---

### MOTION FOR ADMISSION PRO HAC VICE

---

Plaintiffs, Shane Henderson and Southern Civil Contracting, Inc., through their undersigned counsel of record, respectfully request that the Court allow G. Taylor Wilson to appear pro hac vice in this matter for all purposes. As set out in the Verified Application for Admission to Practice Pro Hac Vice, which is attached hereto as Exhibit A, Mr. Wilson is a member in good standing of the Bar of the State of Georgia. A certificate of good standing from Georgia is filed with his application. The undersigned, as local counsel of record for the Plaintiffs, hereby consents to the association of Mr. Wilson in this cause pursuant to Rule VII of the Rules Governing the Admission to the Alabama State Bar.

In addition, I hereby certify that I have served a copy of this motion and the attached application to the Office of PHV Admissions of the Alabama State Bar by mail in accordance with the Alabama Rules of Civil Procedure, along with payment of all required filing fees.

Respectfully submitted.

*/s/ Jeffrey C. Smith* _____

1

**Jeffrey C. Smith** (SMI198)
Attorney for Plaintiffs

OF COUNSEL
Watson & Smith, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL  35406
Phone 205/345-1577
Fax 205/345-1583
jeff@watsonsmithllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following party

in this proceeding by mailing the same by United States mail, properly addressed and First Class

postage prepaid, or via AlaFile, this 28th day of October, 2021.

*/s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)

John G. Thompson, Jr., Esq.
LIGHTFOOT, FRANKLIN & WHITE
The Clark Building
400 20th Street North
Birmingham, AL 35203

DOCUMENT 11

Shane Henderson and Southern Civil Contracting, Inc.,

Plaintiff

CV 2021-900958

Case No.

VS.

Circuit Court of Tuscaloosa County, Alabama
(Court or Administrative Agency)

Commercial Dispatch Publishing Corporation, Inc.    ,
Defendant

# VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now _____ G.Taylor Wilson _____, applicant herein, and respectfully represents the following:

1. Applicant resides at _____ 401 Bowling Ave., Unit 99 _____,
Street Address

Nashville, Davidson, Tennessee,
City     County     State

37205, 678-787-0216, _____
Zip Code   Telephone   Social Security Number

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of) _____ Wade, Grunberg & Wilson, LLC _____, with offices at 600 Peachtree Street NE, Suite 3900, Atlanta,
Street Address     City

Fulton, Georgia, 30308, 404-600-1153,
County     State     Zip Code     Telephone

twilson@wgwlawfirm.com
E-mail

DOCUMENT 11

3. Applicant has been retained personally or as a member of the above named law firm by Shane Henderson and Southern Civil Contracting, Inc. to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since November 7 of 19/20 14 , applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Georgia , where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
|---|---|
| Georgia Superior and State Courts | November 7, 2014 |
| Georgia Court of Appeals | May 14, 2015 |
| Supreme Court of Georgia | May 14, 2015 |
| U.S. District Court, Northern District of Georgia | May 14, 2015 |
| U.S. Court of Appeals for the 11th Circuit | March 15, 2017 |
| U.S. Court of Appeals for the 2nd Circuit | October 24, 2019 |
| | |
| | |
| | |
| | |
| | |
| | |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)
n/a

DOCUMENT 11

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):
n/a
_____

_____

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):
n/a
_____

_____

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):
n/a
_____

_____

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):
n/a
_____

_____

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):
n/a
_____

_____

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.
n/a
_____

_____

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| n/a | | | | |

(If necessary, please attach statement of additional applications.)

13. Local counsel of record associated with applicant in this matter is

Jeffrey C. Smith, Of Counsel, Watson & Poole, LLC ,

who has offices at 1651 McFarland Blvd. N. ,

| Tuscaloosa | Tuscaloosa | ,Alabama, |
|---|---|---|
| City | County | |

| 35406 | 205-345-1577 | jsmith@wplawllc |
|---|---|---|
| Zip Code | Telephone | E-mail |

14. The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| Shane Henderson | P.O. Box 2867, Tuscaloosa, AL 35403 |
| Southern Civil Contracting, Inc. | 6541 Highway 69 S. Ste. C |
| | Tuscaloosa, AL 35405 |
| Commercial Dispatch Publishing, Inc. | P.O. Box 511, Columbus, MS 39703 |

(Item 14, Continued)

Name of Counsel: Jeffrey C. Smith          Party Represented: Shane Henderson

Mailing Address and E-mail: Watson & Poole, LLC

1651 McFarland Blvd. N.

Tuscaloosa, AL 35406

jsmith@wplawllc.com

Name of Counsel: Jeffrey C. Smith          Party Represented: Southern Civil Contracting, Inc.

Mailing Address and E-mail: Watson & Poole, LLC

1651 McFarland Blvd. N.

Tuscaloosa, AL 35406

jsmith@wplawllc.com

Name of Counsel: _____          Party Represented: _____

Mailing Address and E-mail: _____

_____

_____

_____

Name of Counsel: _____          Party Represented: _____

Mailing Address and E-mail: _____

_____

_____

_____

Name of Counsel: _____          Party Represented: _____

Mailing Address and E-mail: _____

_____

_____

_____

(If necessary, please attach list of additional attorney's)

DOCUMENT 11

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _____26_____ of ___October___, 20_21_.

_____
APPLICANT

STATE OF _Tennessee_____ )
COUNTY OF _Davidson_____ )

I, _George Taylor Wilson_____, do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT

Subscribed and Sworn to before me this
_____26_____ day of ___October___, 20_21_.

_____
NOTARY PUBLIC

My Commission Expires July 8, 2022

DOCUMENT 11

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _28th_ day of _October_ ,20 _21_ .

_____
LOCAL COUNSEL

## NOTICE OF HEARING

This application for admission is set for hearing by the court or administrative agency in the style hereof on the _2nd_ day of _Dec_ ,20 _21_ .

_____
LOCAL COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this application and fees with the Alabama State Bar:

[X] **Civil** PHV Motions:  via **Alafile** (Including $300 electronic filing fee/$25 electronic CSF Assessment)

[ ] **Criminal** PHV Motions: via USPS to Alabama State Bar, PHV Regulatory Office, PO Box 671, Montgomery, AL 36101, accompanied by **two separate checks** ($300 filing fee/$25 CSF Assessment) (Must be filed with the Bar at least 21 days prior to PHV hearing date provided above)

On this the _28th_ day of _October_ ,20 _21_ .

_____
LOCAL COUNSEL

(Form approved by Alabama State Bar and Alabama Supreme Court to be effective January 1,1994.)

DOCUMENT 11

EXHIBIT

A

 **State Bar of Georgia**

*Lawyers Serving the Public and the Justice System*

Mr. G. Taylor Wilson
Wade Grunberg & Wilson LLC
600 Peachtree Street NE Suite 3900
Atlanta, GA  30308

**DOCUMENT 11**

| | |
|---|---|
| CURRENT STATUS: | Active Member-Good Standing |
| DATE OF ADMISSION: | 11/07/2014 |
| BAR NUMBER: | 460781 |
| TODAY'S DATE: | 10/07/2021 |

The prerequisites for practicing law in the State of Georgia are as follows:

- Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).
- Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.
- Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204**.  The member is current in license fees and is not suspended or disbarred as of the date of this letter.

## STATE BAR OF GEORGIA

*Brenda Lovvorn*

**Official Representative of the State Bar of Georgia**

---

| HEADQUARTERS | COASTAL GEORGIA OFFICE | SOUTH GEORGIA OFFICE |
|---|---|---|
| 104 Marietta St. NW, Suite 100 | 18 E. Bay St. | 244 E. 2nd St. (31794) |
| Atlanta, GA 30303-2743 | Savannah, GA 31401-9910 | P.O. Box 1390 |
| 404-527-8700 · 800-334-6865 | 912-239-9910 · 877-239-9910 | Tifton, GA 31793-1390 |
| Fax 404-527-8717 | Fax 912-239-9970 | 229-387-0446 · 800-330-0446 |
| www.gabar.org | | Fax 229-382-7435 |



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:   JEFFREY C. SMITH MR.
jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:29:07 AM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:     10/28/2021 9:29:07 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC. (PF
516 MAIN STREET
COLUMBUS, MS, 39701-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:29:07 AM

C001 HENDERSON SHANE

C002 SOUTHERN CIVIL CONTRACTING, INC.

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:     10/28/2021 9:29:07 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To: CATHY MCCURRY
cathysue.mccurry@alabar.org

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:29:07 AM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE
[Filer: SMITH JEFFREY CARL]

Notice Date:       10/28/2021 9:29:07 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

ELECTRONICALLY FILED
10/28/2021 9:30 AM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

# STATE OF ALABAMA

**Unified Judicial System**

Revised 3/5/08

63-TUSCALOOSA

☐ District Court  ☑ Circuit Court

Cas

CV2

## CIVIL MOTION COVER SHEET

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I

*Name of Filing Party:* C001 - HENDERSON SHANE
C002 - SOUTHERN CIVIL CONTRACTING, INC.

*Name, Address, and Telephone No. of Attorney or Party. If Not Represented.*

JEFFREY C. SMITH MR.

1651 McFarland Blvd. North

TUSCALOOSA, AL 35406

*Attorney Bar No.:* SMI198

☐ Oral Arguments Requested

## TYPE OF MOTION

| Motions Requiring Fee | Motions Not Requiring Fee |
|---|---|
| ☐ Default Judgment ($50.00) | ☐ Add Party |
| ☐ Joinder in Other Party's Dispositive Motion (i.e.Summary Judgment, Judgment on the Pleadings, orother Dispositive Motion not pursuant to Rule 12(b)) ($50.00) | ☐ Amend |
| | ☐ Change of Venue/Transfer |
| | ☐ Compel |
| ☐ Judgment on the Pleadings ($50.00) | ☐ Consolidation |
| ☐ Motion to Dismiss, or in the Alternative SummaryJudgment($50.00) | ☐ Continue |
| | ☐ Deposition |
| ☐ Renewed Dispositive Motion(Summary Judgment,Judgment on the Pleadings, or other DispositiveMotion not pursuant to Rule 12(b)) ($50.00) | ☐ Designate a Mediator |
| | ☐ Judgment as a Matter of Law (during Trial) |
| ☐ Summary Judgment pursuant to Rule 56($50.00) | ☐ Disburse Funds |
| ☐ Motion to Intervene ($297.00) | ☐ Extension of Time |
| ☑ Other    Verified Application to Practice Pro Hac Vice | ☐ In Limine |
| pursuant to Rule  VII of the Rules Governing          ($325.00) Admission to the State Bar | ☐ Joinder |
| | ☐ More Definite Statement |
| *Motion fees are enumerated in §12-19-71(a). Fees pursuant to Local Act are not included. Please contact the Clerk of the Court regarding applicable local fees. | ☐ Motion to Dismiss pursuant to Rule 12(b) |
| | ☐ New Trial |
| | ☐ Objection of Exemptions Claimed |
| ☐ Local Court Costs $    0 | ☐ Pendente Lite |
| | ☐ Plaintiff's Motion to Dismiss |
| | ☐ Preliminary Injunction |
| | ☐ Protective Order |
| | ☐ Quash |
| | ☐ Release from Stay of Execution |
| | ☐ Sanctions |
| | ☐ Sever |
| | ☐ Special Practice in Alabama |
| | ☐ Stay |
| | ☐ Strike |
| | ☐ Supplement to Pending Motion |
| | ☐ Vacate or Modify |
| | ☐ Withdraw |
| | ☐ Other |
| | pursuant to Rule          (Subject to Filing Fee) |

| Check here if you have filed  or are filing contemporaneously with this motion an Affidavit of Substantial Hardship or if you are filing on behalf of an agency or department of the State, county, or municipal government. (Pursuant to §6-5-1 Code of Alabama (1975), governmental entities are exempt from prepayment of filing fees) ☐ | Date:

10/28/2021 9:30:13 AM | Signature of Attorney or Party
/s/ JEFFREY C. SMITH MR. |

*This Cover Sheet must be completed and submitted to the Clerk of Court upon the filing of any motion. Each motion should contain a separate Cover Sheet.
**Motions titled 'Motion to Dismiss' that are not pursuant to Rule 12(b) and are in fact Motions for Summary Judgments are subject to filing fee.



ELECTRONICALLY FILED
10/28/2021 9:30 AM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

**IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA**

| | | |
|---|---|---|
| **SHANE HENDERSON and** | § | |
| **SOUTHERN CIVIL CONTRACTING, INC.,** | § | |
| | § | |
| **Plaintiffs,** | § | **CASE NO. CV 2021-900958** |
| | § | |
| **vs.** | § | |
| | § | |
| **COMMERCIAL DISPATCH PUBLISHING** | § | |
| **CORPORATION, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

---

## MOTION FOR ADMISSION PRO HAC VICE

---

Plaintiffs, Shane Henderson and Southern Civil Contracting, Inc., through their undersigned counsel of record, respectfully request that the Court allow Nicole Jennings Wade to appear pro hac vice in this matter for all purposes.  As set out in the Verified Application for Admission to Practice Pro Hac Vice, which is attached hereto as Exhibit A, Ms. Wade is a member in good standing of the Bar of the State of Georgia.  A certificate of good standing from Georgia is filed with her application. The undersigned, as local counsel of record for the Plaintiffs, hereby consents to the association of Ms. Wade in this cause pursuant to Rule VII of the Rules Governing the Admission to the Alabama State Bar.

In addition, I hereby certify that I have served a copy of this motion and the attached application to the Office of PHV Admissions of the Alabama State Bar by mail in accordance with the Alabama Rules of Civil Procedure, along with payment of all required filing fees.

Respectfully submitted.

*/s/ Jeffrey C. Smith* _____

DOCUMENT 14

1

**Jeffrey C. Smith** (SMI198)
Attorney for Plaintiffs

OF COUNSEL
Watson & Smith, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL  35406
Phone 205/345-1577
Fax 205/345-1583
jeff@watsonsmithllc.com

## CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of the foregoing pleading on the following party

in this proceeding by mailing the same by United States mail, properly addressed and First Class

postage prepaid, or via AlaFile, this 28th day of October, 2021.

*/s/ Jeffrey C. Smith*
**Jeffrey C. Smith** (SMI198)

John G. Thompson, Jr., Esq.
LIGHTFOOT, FRANKLIN & WHITE
The Clark Building
400 20th Street North
Birmingham, AL 35203

DOCUMENT 14

2

DOCUMENT 14

Shane Henderson and Southern Civil Contracting, Inc.,

Plaintiff

CV 2021-900958

Case No.

VS.

Circuit Court of Tuscaloosa County, Alabama

(Court or Administrative Agency)

Commercial Dispatch Publishing Corporation, Inc.,

Defendant

# VERIFIED APPLICATION FOR ADMISSION
## TO PRACTICE UNDER RULE VII OF THE
## RULES GOVERNING ADMISSION TO THE ALABAMA STATE BAR

Comes now _____ Nicole Jennings Wade _____, applicant herein, and respectfully represents the following:

1. Applicant resides at _____ 1077 Shady Valley Place _____,

Street Address

| Atlanta | Dekalb | Georgia |
|---|---|---|
| City | County | State |

| 30324 | 404-550-7673 | |
|---|---|---|
| Zip Code | Telephone | Social Security Number |

2. Applicant is an attorney and a member of the law firm of (or practices law under the name of) _____ Wade, Grunberg & Wilson, LLC _____, with offices at 600 Peachtree Street NE, Suite 3900 , Atlanta

Street Address | City

| Fulton | Georgia | 30308 | 404-600-1153 |
|---|---|---|---|
| County | State | Zip Code | Telephone |

nwade@wgwlawfirm.com

E-mail

3. Applicant has been retained personally or as a member of the above named law firm by Shane Henderson and Southern Civil Contracting, Inc. to provide legal representation in connection with the above-styled matter now pending before the above-named court or administrative agency of the State of Alabama.

4. Since July 6 of 19/20 95 , applicant has been, and presently is, a member in good standing of the Bar of the highest court of the State of Georgia , where applicant regularly practices law **ATTACH A CERTIFICATE OF GOOD STANDING.**

5. Applicant has been admitted to practice before the following courts: (List all of the following courts applicant has been admitted to practice before: United States District Courts; United States Circuit Courts of Appeals; the Supreme Court of the United States; and courts of other states.)

| Court: | Date Admitted: |
| --- | --- |
| Georgia Superior and State Courts | July 6, 1995 |
| Georgia Court of Appeals | May 22, 1996 |
| Supreme Court of Georgia | May 22, 1996 |
| U.S. District Court, Northern District of Georgia | May 22, 1996 |
| U.S. Court of Appeals for the 11th Circuit | December 11, 2018 |
| U.S. Court of Appeals for the 2nd Circuit | October 24, 2019 |

Applicant is presently a member in good standing of the Bars of those courts listed above, except as may be listed below: (Here list any court named in the preceding paragraph that applicant is no longer admitted to practice before.)
n/a

DOCUMENT 14

6. Applicant presently is not subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):
n/a

7. Applicant presently is not subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, court, date):
n/a

8. Applicant never has been subject to any disbarment proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):
n/a

9. Applicant never has been subject to any suspension proceedings, except as provided below (give particulars, e.g., jurisdiction, date of proceedings, court, date of reinstatement):
n/a

10. Applicant never has had any certificate or privilege to appear and practice before any administrative body suspended or revoked, except as provided below (give particulars, e.g., date, administrative body, date of suspension and reinstatement):
n/a

11. Applicant, either by resignation, withdrawal, or otherwise, never has terminated or attempted to terminate applicant's office as an attorney in order to avoid administrative, disciplinary, disbarment, or suspension proceedings.
n/a

DOCUMENT 14

12. Applicant or a member of applicant's firm has filed applications(s) to appear as counsel under Rule VII during the past three (3) years in the following matters:

| Date of Application | Name of Applicant | Case No. and Style of Case | Court or Admin. Body | Application Granted/Denied |
|---|---|---|---|---|
| n/a | | | | |

(If necessary, please attach statement of additional applications.)

13. Local counsel of record associated with applicant in this matter is

Jeffrey C. Smith, Of Counsel, Watson & Poole, LLC ,

who has offices at 1651 McFarland Blvd. N. ,

Tuscaloosa , Tuscaloosa ,Alabama,
City                        County

35406 , 205-345-1577 , jsmith@wplawllc
Zip Code          Telephone          E-mail

14. The following list accurately states the name and address of each party in this matter, WHETHER OR NOT REPRESENTED BY COUNSEL, and the name and address of each counsel of record who has appeared for each party:

| Name of Party | Mailing Address |
|---|---|
| Shane Henderson | P.O. Box 2867, Tuscaloosa, AL 35403 |
| Southern Civil Contracting, Inc. | 6541 Highway 69 S. Ste. C |
| | Tuscaloosa, AL 35405 |
| Commercial Dispatch Publishing, Inc. | P.O. Box 511, Columbus, MS 39703 |
| | |

DOCUMENT 14

DOCUMENT 14

(Item 14, Continued)

Name of Counsel: Jeffrey C. Smith
Party Represented: Shane Henderson

Mailing Address and E-mail: Watson & Poole, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL 35406
jsmith@wplawllc.com

Name of Counsel: Jeffrey C. Smith
Party Represented: Southern Civil Contracting, Inc.

Mailing Address and E-mail: Watson & Poole, LLC
1651 McFarland Blvd. N.
Tuscaloosa, AL 35406
jsmith@wplawllc.com

Name of Counsel: _____
Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____
Party Represented: _____

Mailing Address and E-mail: _____

Name of Counsel: _____
Party Represented: _____

Mailing Address and E-mail: _____

(If necessary, please attach list of additional attorney's)

15. Applicant agrees to comply with the provisions of the Alabama Rules of Professional Conduct, and applicant consents to the jurisdiction of the courts and the disciplinary boards of the State of Alabama.

16. Applicant respectfully requests to be admitted to practice in the above named court or administrative agency for this cause only.

DATED this _____26th_____ of _____October_____, 20_21_.

_____
APPLICANT

STATE OF _Georgia_____ )

COUNTY OF _Fulton_____ )

I, _Nicole Jennings Wade_____, do hereby swear or affirm under penalty of perjury that I am the applicant in the above-styled matter; that I have read the foregoing application and know the contents thereof, and that the contents are true of my own knowledge, except as to those matters stated on information and belief, and that as to those matters I believe them to be true.

_____
APPLICANT

Subscribed and Sworn to before me this

_____26th_____ day of _____October_____, 20_21_.

_____
NOTARY PUBLIC

CHELSEA HANEY
MY COMMISSION EXPIRES
NOTARY
PUBLIC
MARCH 07, 2023
COBB COUNTY, GEORGIA

DOCUMENT 14

DOCUMENT 14

I hereby consent, as local counsel of record, to the association of applicant in this cause pursuant to Rule VII of the Rules Governing Admission to the Alabama State Bar.

DATED this _28th_ day of _October_ ,20 _21_ .

_____
LOCAL COUNSEL

## NOTICE OF HEARING

This application for admission is set for hearing by the court or administrative agency in the style hereof on the _2nd_ day of _Dec_ ,20 _21_ .

_____
LOCAL COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that I have filed this application and fees with the Alabama State Bar:

[X] **Civil** PHV Motions:  via **Alafile** (Including $300 electronic filing fee/$25 electronic CSF Assessment)

[ ] **Criminal** PHV Motions: via USPS to Alabama State Bar, PHV Regulatory Office, PO Box 671, Montgomery, AL 36101, accompanied by **two separate checks** ($300 filing fee/$25 CSF Assessment) (Must be filed with the Bar at least 21 days prior to PHV hearing date provided above)

On this the _28th_ day of _October_ ,20 _21_ .

_____
LOCAL COUNSEL

(Form approved by Alabama State Bar and Alabama Supreme Court to be effective January 1,1994.)

DOCUMENT 14

EXHIBIT

A



## State Bar of Georgia

*Lawyers Serving the Public and the Justice System*

Ms. Nicole Jennings Wade
Wade Grunberg & Wilson LLC
600 Peachtree Street NE Suite 3900
Atlanta, GA  30308

| | |
|---|---|
| **CURRENT STATUS:** | **Active Member-Good Standing** |
| **DATE OF ADMISSION:** | **07/06/1995** |
| **BAR NUMBER:** | **390922** |
| **TODAY'S DATE:** | **10/07/2021** |

The prerequisites for practicing law in the State of Georgia are as follows:

- **Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).**
- **Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.**
- **Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.**

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204**. The member is current in license fees and is not suspended or disbarred as of the date of this letter.

### STATE BAR OF GEORGIA

*Brenda Lovvorn*

**Official Representative of the State Bar of Georgia**

---

| **HEADQUARTERS** | **COASTAL GEORGIA OFFICE** | **SOUTH GEORGIA OFFICE** |
|---|---|---|
| 104 Marietta St. NW, Suite 100 | 18 E. Bay St. | 244 E. 2nd St. (31794) |
| Atlanta, GA 30303-2743 | Savannah, GA 31401-9910 | P.O. Box 1390 |
| 404-527-8700 · 800-334-6865 | 912-239-9910 · 877-239-9910 | Tifton, GA 31793-1390 |
| Fax 404-527-8717 | Fax 912-239-9970 | 229-387-0446 · 800-330-0446 |
| www.gabar.org | | Fax 229-382-7435 |

DOCUMENT 14



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:   JEFFREY C. SMITH MR.
      jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:30:50 AM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:     10/28/2021 9:30:50 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC. (PF
516 MAIN STREET
COLUMBUS, MS, 39701-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:30:50 AM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE
[Filer: SMITH JEFFREY CARL]

Notice Date:     10/28/2021 9:30:50 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  CATHY MCCURRY
cathysue.mccurry@alabar.org

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 10/28/2021 9:30:50 AM

C001 HENDERSON SHANE

C002 SOUTHERN CIVIL CONTRACTING, INC.

OTHER - VERIFIED APPLICATION FOR ADMISSION TO PRACTICE PRO HAC VICE

[Filer: SMITH JEFFREY CARL]

Notice Date:    10/28/2021 9:30:50 AM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov

03-CV-21-900869.00

summons

**COMPLETE THIS SECTION ON DELIVERY**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
or on the front if space permits.

COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC.
516 MAIN STREET
COLUMBUS, MS 39701

9590 9402 6140 0209 0367 91

2. Article Number (Transfer from service label)
7020 1810 0000 0638 7275

PS Form 3811, July 2015 PSN 7530-02-000-9053

A. Signature
X _William Foster_ ☐ Agent
☑ Addressee

B. Received by (Printed Name)          C. Date of Delivery

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type                          ☐ Priority Mail Express®
☐ Adult Signature                        ☐ Registered Mail™
☐ Adult Signature Restricted Delivery    ☐ Registered Mail Restricted
☑ Certified Mail®                            Delivery
☐ Certified Mail Restricted Delivery     ☐ Return Receipt for
☐ Collect on Delivery                        Merchandise
☐ Collect on Delivery Restricted Delivery ☐ Signature Confirmation™
☐ Insured Mail                           ☐ Signature Confirmation
☐ Insured Mail Restricted Delivery           Restricted Delivery

Domestic Return Receipt

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

USPS TRACKING #

9590 9402 6340 0209 0367 91

United States
Postal Service

• Sender: Please print your name, address, and ZIP+4® in this box®

MAGARIA H. BOBO

714 GREENSBORO AVE., RM. 214

TUSCALOOSA 35401

2021 NOV -1 PM 4: 27



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  SMITH JEFFREY CARL
     jeff@watsonsmithllc.com

---

# NOTICE OF SERVICE

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was served on 11/1/2021

D001 COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC.

Corresponding To

CERTIFIED MAIL

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



ELECTRONICALLY FILED
11/9/2021 1:48 PM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

Alabama State Bar
415 DEXTER AVENUE
POST OFFICE BOX 671
MONTGOMERY, AL 36101

## STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance
with Rule VII, Rules Governing Admission to the Alabama State Bar  *(Pro HacVice):*

**PETITIONER:**          Mr. Jonathan D. Grunberg
                         Wade Grunberg & Wilson LLC
                         600 Peachtree St NE Ste 3900
                         Atlanta, GA     30308-0000

**CURRENT APPLICATION:**

                    Date Application Received:    October 28, 2021
                    Case No.:                     63-CV21-900958
                    Style:                        Shane Henderson, et al v. Commercial
                                                  Dispatch Publishing Corp.
                    Court/Agency:                 Circuit Court of Tuscaloosa County
                    Date of Hearing:              December 02, 2021

**LOCAL COUNSEL:**  Mr. Jeffrey Carl Smith
                    Watson & Poole LLC
                    1651 Mcfarland Blvd N
                    Tuscaloosa, AL     35406-2212

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER
ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING THREE YEARS AS LISTED:

See Attached

s/Cathy Sue McCurry
PHV Clerk
November 09, 2021

**Wade Grunberg & Wilson LLC**

Dates reported: October 29, 2018 - October 28, 2021

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Jonathan D. Grunberg | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |
| Nicole Jennings Wade | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |
| G. Taylor Wilson | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  CATHY SUE MCCURRY MS.
cathysue.mccurry@alabar.org

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:48:27 PM

C001 HENDERSON SHANE

C002 SOUTHERN CIVIL CONTRACTING, INC.

STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:      11/9/2021 1:48:27 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC. (PF
516 MAIN STREET
COLUMBUS, MS, 39701-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:48:27 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:      11/9/2021 1:48:27 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  SMITH JEFFREY CARL
jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:48:27 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:     11/9/2021 1:48:27 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



ELECTRONICALLY FILED
11/9/2021 1:53 PM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

Alabama State Bar
415 DEXTER AVENUE
POST OFFICE BOX 671
MONTGOMERY, AL 36101

## STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance with Rule VII, Rules Governing Admission to the Alabama State Bar  *(Pro HacVice):*

**PETITIONER:**  Mr. G. Taylor Wilson
Wade Grunberg & Wilson LLC
600 Peachtree St NE Ste 3900
Atlanta, GA    30308-0000

**CURRENT APPLICATION:**

Date Application Received:  October 28, 2021
Case No.:  63-CV21-900958
Style:  Shane Henderson, et al v. Commercial
Dispatch Publishing Corp.
Court/Agency:  Circuit Court of Tuscaloosa County
Date of Hearing:  December 02, 2021

**LOCAL COUNSEL:**  Mr. Jeffrey Carl Smith
Watson & Poole LLC
1651 Mcfarland Blvd N
Tuscaloosa, AL    35406-2212

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING THREE YEARS AS LISTED:

See Attached

s/Cathy Sue McCurry
PHV Clerk
November 09, 2021

**Wade Grunberg & Wilson LLC**

Dates reported: October 29, 2018 - October 28, 2021

| Applicant | Date App Received | Case | Court | G/D/P/M |
|-----------|-------------------|------|-------|---------|
| Jonathan D. Grunberg | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |
| Nicole Jennings Wade | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |
| G. Taylor Wilson | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:   CATHY SUE MCCURRY MS.
      cathysue.mccurry@alabar.org

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:53:52 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:      11/9/2021 1:53:52 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC. (PF
516 MAIN STREET
COLUMBUS, MS, 39701-0000

# NOTICE OF ELECTRONIC FILING

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:53:52 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:      11/9/2021 1:53:52 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  SMITH JEFFREY CARL
jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:53:52 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:     11/9/2021 1:53:52 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



ELECTRONICALLY FILED
11/9/2021 1:55 PM
63-CV-2021-900958.00
CIRCUIT COURT OF
TUSCALOOSA COUNTY, ALABAMA
MAGARIA HAMNER BOBO, CLERK

Alabama State Bar
415 DEXTER AVENUE
POST OFFICE BOX 671
MONTGOMERY, AL 36101

## STATEMENT

The following information, in response to the application of petitioner, is furnished in compliance with Rule VII, Rules Governing Admission to the Alabama State Bar  *(Pro HacVice):*

**PETITIONER:**      Ms. Nicole Jennings Wade

Wade Grunberg & Wilson LLC

600 Peachtree St NE Ste 3900

Atlanta, GA     30308-0000

**CURRENT APPLICATION:**

Date Application Received:       October 28, 2021

Case No.:                               63-CV21-900958

Style:                                    Shane Henderson, et al v. Commercial
Dispatch Publishing Corp.

Court/Agency:                      Circuit Court of Tuscaloosa County

Date of Hearing:                    December 02, 2021

**LOCAL COUNSEL:**  Mr. Jeffrey Carl Smith

Watson & Poole LLC

1651 Mcfarland Blvd N

Tuscaloosa, AL     35406-2212

APPLICATIONS FOR RULE VII ADMISSION HAVE BEEN MADE BY ABOVE PETITIONER OR OTHER ATTORNEY MEMBERS OF PETITIONER'S FIRM IN THE PRECEDING THREE YEARS AS LISTED:

See Attached

s/Cathy Sue McCurry

PHV Clerk

November 09, 2021

**Wade Grunberg & Wilson LLC**

Dates reported: October 29, 2018 - October 28, 2021

| Applicant | Date App Received | Case | Court | G/D/P/M |
|---|---|---|---|---|
| Jonathan D. Grunberg | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |
| Nicole Jennings Wade | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |
| G. Taylor Wilson | | | | |
| | 10/28/2021 | 63-CV21-900958 | Circuit Court of Tuscaloosa County | Pending |



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  CATHY SUE MCCURRY MS.
cathysue.mccurry@alabar.org

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:55:35 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:      11/9/2021 1:55:35 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  COMMERCIAL DISPATCH PUBLISHING CORPORATION, INC. (PF
516 MAIN STREET
COLUMBUS, MS, 39701-0000

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:55:35 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:     11/9/2021 1:55:35 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov



AlaFile E-Notice

63-CV-2021-900958.00

Judge: M. BRADLEY ALMOND

To:  SMITH JEFFREY CARL
jeff@watsonsmithllc.com

---

# NOTICE OF ELECTRONIC FILING

---

IN THE CIRCUIT COURT OF TUSCALOOSA COUNTY, ALABAMA

SHANE HENDERSON ET AL V. COMMERCIAL DISPATCH PUBLISHING CORPORATION, I
63-CV-2021-900958.00

The following matter was FILED on 11/9/2021 1:55:35 PM

C001 HENDERSON SHANE
C002 SOUTHERN CIVIL CONTRACTING, INC.
STATEMENT IN RESPONSE TO PHV APPLICATION

[Filer: ]

Notice Date:    11/9/2021 1:55:35 PM

MAGARIA HAMNER BOBO
CIRCUIT COURT CLERK
TUSCALOOSA COUNTY, ALABAMA
714 GREENSBORO AVENUE
TUSCALOOSA, AL, 35401

205-349-3870
magaria.bobo@alacourt.gov